**FELA HEARING LOSS CASES. MAY BE FILED IN NEW HAVEN AS ORDERED BY MAGISTRATE MARGOLIS.**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| THOMAS KINIRY | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO.:   3:02 CV 01680 (JBA) |
| METRO-NORTH RAILROAD | ) | |
| COMPANY, CONSOLIDATED RAIL | ) | |
| CORPORATION and AMERICAN | ) | |
| FINANCIAL GROUP, INC., f/k/a | ) | |
| AMERICAN PREMIER | ) | |
| UNDERWRITERS, INC., | ) | |
| f/k/a PENN CENTRAL CORPORATION. | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | December 31, 2003 |

DEFENDANTS, CONSOLIDATED RAIL CORPORATION AND AMERICIAN
FINANCIAL'S, OPPOSITION TO PLAINTIFFS'
<u>MOTION TO COMPEL THE "CONRAIL DEFENDANTS"</u>

The defendants, Consolidated Rail Corporation ("Conrail") and American Financial

Group, Inc. ("American"), pursuant to Fed. R. Civ. P. Rule 37 and Local Rule 37, hereby

opposes the *Plaintiffs' Motion to Compel the "Conrail Defendants"* dated December 12, 2003,

wherein the plaintiffs collectively request that the Court overrule the defendants' objections to

the plaintiff, Thomas Kiniry's ("Kiniry"), *Interrogatories* and *Requests for Production of*

*Documents,* compel the defendants to produce a privilege log, order the defendants to produce

documents responsive to Requests for Production Nos. 4, 5, 7, 9, 10, 13, 14, 15, 20, 22, 24-33

**Oral Argument Requested/Testimony Not Required**

1

and 35, and to more fully respond to Interrogatory Nos. 3, 4, 5, 6, 8 and 9

## I.     **PROCEDURAL HISTORY**:

The law firm of Cahill & Goetsch represents numerous plaintiffs who claim to have

suffered hearing losses and allege that the losses are a result of their exposure to excessive

noise while employed by Penn Central, Conrail and/or Metro North.  In every such case, the

last date of employment with The defendants is December 31, 1982.

On December 15, 2003, the defendants, Conrail and American Financial Group, Inc.

("American") received the *Plaintiff' Motion to Compel the "Conrail Defendants"* dated

December 12, 2003 in reference to the following matters: Compo v. Metro North, et al., Fuda v.

Metro North, et al., Geary v. Metro North, et. al., Kiniry v. Metro North, et al., Laskevitch v.

Metro North, et al., Raggi v. Metro North, et al., Russo v. Metro North, et al., Scofield v. Metro

North, et al., Selmont v. Metro North, et al., Sullivan v. Metro North, et al., Bakutis v. Metro

North, et al., Black v. Metro North, et al., Caffrey v. Metro North, et al., Kane v. Metro North,

et al., Kautz v. Metro North, et al., Koval v. Metro North, et al., LoVerme v. Metro North, et

al., Mackey v. Metro North, et al., Schumacher v. Metro North, et al., Strand v. Metro North, et

al., Sweeney v. Metro North, et al., Wilson v. Metro North, et al., Bettini v. Metro North, et al.,

Ciuzio v. Metro North, et al., Fanning v. Metro North, et al., Farley v. Metro North, et al.,

Farruggio v. Metro North, et al., Gibbs v. Metro North, et al., Infantino v. Metro North, et al.,

Sartori v. Metro North, et al., Tramaglini v. Metro North, et al. and Walz v. Metro North, et al..

The plaintiffs carelessly attached, to each and every *Pl. Memo.*, as App. A, a copy of

*Defendants, Consolidated Rail Corporation and American Financial Group Inc.'s Answers to*

*Plaintiff, Robert L. Fuda's, First Set of Interrogatories* dated June 5, 2003 and *Defendants, Consolidated Rail Corporation and American Financial Group, Inc.'s, Responses to Plaintiff, Robert L. Fuda's, First Set of Requests for Production of Documents* also dated June 5, 2003. The plaintiffs' statement that all of the defendants' responses are the same is untrue, and by providing only the *Fuda* discovery responses the plaintiffs have improperly mislead the Court.

The plaintiffs' joint *Motion* is similarly defective for several reasons. First, the defendants have not yet filed discovery responses in the matters of Infantino v. Metro North, et al., Gibbs v. Metro North, et al., Walz v. Metro North, et al., Farley v. Metro North, et al., Farruggio v. Metro North, et al., Fanning v. Metro North, et al., Bettini v. Metro North, et al., Ciuzio v. Metro North, et al., Schumacher v. Metro North, et al. and Tramaglini v. Metro North, et al..[1] Thus, the defendants have filed *Oppositions* in these matters, as the plaintiffs' *Motion to Compel* is inapplicable and should be denied.

Second, defendants, on December 17, 2003, received the plaintiffs' *First Set of Interrogatories* and *First Set of Requests for Production of Documents* dated December 15, 2003 in the matters of Barrett v. Metro North, et al., Betrix v. Metro North, et al., Byrne v. Metro North, et al., DiLorenzo v. Metro North, et al., Inconstanti v. Metro North, et al., Johnson v. Metro North, et al., Patterson v. Metro North, et al., Rodriquez v. Metro North, et al., Starr v. Metro North, et al., West v. Metro North, et al., and Wright v. Metro North, et al. Yet, the plaintiffs fail to clarify this in their joint *Motion to Compel*, and instead lead the Court to believe that the defendants filed identical discovery responses in all of the pending hearing

---

[1] All of these cases, with the exception of Sartori and Schumacher fall into the later batch of cases.

loss cases.

Finally, the plaintiffs incorrectly imply, in their *Affidavit*, which is attached to all of the pending *Motion to Compel* as App. B, that the parties conferred in good faith relative to all of the hearing loss cases. The conference, of course, was specific to only those responses which had been filed, which the plaintiffs, once again, fail to mention.

Accordingly, the defendants, as required by Local Rule 37, hereby attach the *Plaintiff's First Set of Interrogatories* dated January 29, 2003, as Exhibit "A," the *Defendants, Consolidated Rail Corporation and American Financial Group, Inc.'s, Answers to Plaintiff, Thomas Kiniry's First Set of Interrogatories* dated June 6, 2003, as Exhibit "B," the *Plaintiff's First Set of Requests for Production* dated January 29, 2003, as Exhibit "C," and *Defendant, Consolidated Rail Corporation and American Financial Group, Inc.'s, Responses to Plaintiff, Thomas Kiniry's, First Set of Requests for Production* dated June 6, 2003, as Exhibit "D." Further, The defendants opposes the plaintiffs' specific requests, as applied to the plaintiff in the instant matter, Kiniry, as follows.

## II.     <u>DISCUSSION OF LAW</u>:

"The scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" <u>H. Lewis Packing, LLC v. Spectrum Plastics, Inc.</u>, 2003 U.S. Dist. LEXIS 19062 (D. Conn., Apr. 11, 2003) at *2 *citing* <u>Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.</u>, 964 F.2d 106, 114 (2nd Cir. 1992)(quotations omitted). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

4

party… Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "The scope of discovery, however, is not without bounds, and limitations are imposed where the discovery is 'unreasonably cumulative or duplicative,' overly 'burdensome…expensive' or 'the burden or expense of the proposed discovery outweighs its likely benefit.'" H. Lewis Packing, LLC at *2 *quoting* Fed. R. Civ. P. 26(b)(2).  Moreover, "an order compelling discovery may be tailored to the circumstances of the case." Id. *citing* Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996).  Accordingly, the defendants opposes the plaintiffs' *Motion* as follows.

       A.       **PRELIMINARY STATEMENT:**

       Notably, none of the plaintiffs have worked for the defendants, Conrail and American, in over 20 years.  This fact is highly relevant in determining whether the defendants' objections are valid, and the defendants should not be compelled to produce documents which are impossible, at the very least without great time and expense, to produce, especially in light of the minimal damages claimed by the plaintiffs and the state of the evidence to date, which indicates that neither Conrail nor American could possibly be responsible for the plaintiffs' alleged hearing losses.  To date, the majority of the plaintiffs, including the instant plaintiff, Kiniry, have claimed that they only became aware of their hearing losses within the last four (4) years.  However, it has been proven that occupational hearing loss manifests itself within the first few years of exposure, and the defendants intends to present expert testimony in support of this position.  Thus, since none of the plaintiffs have worked for the defendants since

1983, and they have admittedly only recently discovered their alleged occupational hearing losses, there is absolutely no proof that their alleged losses were caused by exposure while working for the defendants.  Accordingly, the defendants should not be compelled to respond to the plaintiffs' inadequate, vague, unlimited and irrelevant requests.

**B.**     **REQUESTS FOR PRODUCTION:**

**1.**     **Request No. 4:**

The plaintiff sought the following in his Request No. 4:  "All documents reflecting or pertaining to the testing of noise levels at any location where Plaintiff worked for Defendant Consolidated Rail Corporation."  The defendants responded as follows:

Conrail and Penn Central:

Objection.  Please see Preliminary Statement/General Objections.[2]  Conrail and Penn Central object to Request for Production No. 4 to the extent that it is overly broad, unduly burdensome, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to the plaintiff, his craft, dates of employment, and/or the equipment operated by the plaintiff or in his immediate vicinity.  Conrail and Penn Central further object to this Request on the ground that discovery is continuing and the defendants are unaware of all the locations that the plaintiff worked for the defendants.  Such information is more within the knowledge of the plaintiff than the defendants.  By way of further response, please see Response to Request No. 4.[3]  As discovery is ongoing, Conrail

---

[2] The defendants Preliminary Statement/General Objection is contained within Exh. B.

[3] The defendants' Answer to Interrogatory No. 4 states:

Conrail and Penn Central:

Conrail and Penn Central object to Interrogatory No. 4 on the basis that it is overly broad, unduly burdensome, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of the same and in the spirit of cooperative discovery, Conrail and Penn Central monitored noise levels throughout their railroading operations to the extent required by 49 C.F.R. 229.121 and 29 C.F.R. 1910.95.  In so responding, Conrail and Penn Central do not admit the applicability of the aforesaid regulations to the instant case.

By way of further response, Conrail and Penn Central have no present knowledge as to what particular area and/or equipment with which the plaintiff worked and/or time periods involved with each area and/or

6

and Penn Central reserve the right to supplement this Response prior to trial.

Preliminarily, the plaintiffs fail to address the defendants' reference to Answer to Interrogatory No. 4 entirely, and merely request that the defendants be compelled to produce responsive documents. Despite the plaintiffs' inarticulate and overly broad Request, the defendants clearly made a good faith attempt to respond. However, based upon the instant plaintiff's Request, which is unlimited in both time and scope, which the plaintiffs' counsel has refused to modify, the defendants are unable to produce any non-objectionable, responsive documents.

The plaintiffs audaciously suggest that they are entitled to "all the information the defendants possess about noise levels at its work sites and around its equipment." This is impossible for several reasons. The defendants performed voluminous operations in numerous states, at many locations within these states, for many years. There is no way to compile all testing information relative to every such operation as the plaintiffs suggest, especially considering the fact that none of the plaintiffs, including the plaintiff, Kiniry, has worked for the defendants in over 20 years.

Moreover, the defendants' objections speak for themselves. For example, the plaintiff in the instant matter did not work for The defendants beyond December 31, 1982, yet the plaintiff's request is unlimited with respect to dates. Although the plaintiff's personnel file may generally reflect the railroad yard at which the plaintiff worked while employed by the defendants, it lacks in

---

equipment, such information being within the knowledge of the plaintiff. Consequently, Conrail and Penn Central are unable to respond to this Interrogatory with further specificity. As discovery is ongoing, the defendants reserve the right to amend/supplement this Answer prior to trial.

specifics which can only be obtained by the plaintiff himself, as the defendants indicated.[4] Further, the plaintiff in the instant matter may have worked with a variety of machines while employed by the defendants or been exposed to a variety of "noises," and to require the defendants to uncover exactly which machines or noises the plaintiff was allegedly exposed to and determine whether these machines and noise levels were specifically tested over 20 years ago, is clearly overly burdensome and expensive, and is merely a attempt at a fishing expedition. Finally, it is unclear what is meant by "the testing of noise levels," and therefore it is impossible for the defendants to provide any documents relative to the information contained with its Answer to Interrogatory No. 4, without the plaintiff narrowing his Request. Accordingly, the defendants respectfully request that the plaintiffs' *Motion to Compel* in connection with Request No. 4 be denied, and that the defendants' objections be sustained.

> 2. **Request No. 7**:

The plaintiffs seek to compel The defendants to respond more fully to Request No. 7, which seeks "All documentation prepared by OSHA or any other federal or state agency or public or private entity relating to noise levels at Defendant Consolidated Rail Corporation's place of business." The defendants responded to the same as follows:

Conrail and Penn Central:

Please see Preliminary Statement/General Objections. Additionally, Conrail and Penn

---

[4] As the plaintiffs indicate in their joint *Motion,* the defendants have agreed to supplement its Response to the extent possible based upon the plaintiff's deposition. The defendants are currently in the process of doing so, but based upon the volume of plaintiffs and the breadth of their various employment, the defendants were unable to provide a supplemental Response by December 20, 2003, as it originally offered to do. Accordingly, counsel for the defendants requested on December 19, 2003, an extension of time to supplement this Response to the extent possible, and has not received an answer from plaintiffs' counsel to date. Moreover, the defendants specifically reserve their objections relative to time and scope.

Central object to Request No. 7 on the basis that same is overly broad, unduly burdensome, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence to the extent that the requested information is not specific to the plaintiff, the locations at which the plaintiff has worked over the course of his career with the defendants, the machinery actually operated by the plaintiff and/or operated in the plaintiff's immediate vicinity, or the dates which the plaintiff has been employed by the defendants.  By way of further response, please see Response No. 4.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

The plaintiffs' Request is far too broad and unspecific in both time and scope, as the defendants' objections clearly explain, and since the plaintiffs' counsel has refused to amend the same, the defendants are justifiably unable to provide any non-objectionable, responsive documents. Further, considering the fact that none of the plaintiffs, including the instant plaintiff, has worked for the defendants since December 31, 1982, this Request is especially burdensome. Finally, the plaintiff's Request is more appropriately directed at OSHA, and "other federal or state agency or public or private entity" than the defendants.  Accordingly, the defendants request that their objections be sustained, and that the plaintiffs' *Motion to Compel* with respect to Request No. 7 be denied.

### 3.    Request No. 5:

The plaintiffs seek to compel the production of documents responsive to Request No. 5, which seeks the following:  "All documents published by Defendant Consolidated Rail Corporation or any organization or other group with which Defendant is or has been affiliated referring to noise exposure to railroad workers."  The defendants responded as follows:

Conrail and Penn Central:

Please see Preliminary Statement/General Objections.  Additionally, Conrail and Penn Central object to Request No. 5 in that it is overly broad, unduly burdensome, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence to the extent that

9

it requests information that is not specific to the plaintiff, the location(s) at which the plaintiff has worked over the course of his career with the defendants, the machinery actually operated by the plaintiff and/or in the plaintiff's immediate vicinity, or the period during which the plaintiff had been employed by Conrail and Penn Central. Furthermore, Conrail and Penn Central object to this Request to the extent it seeks information protected from discovery by the attorney/client privilege and/or the attorney work product doctrine. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

Although the plaintiffs' counsel agreed to limit the scope of this Request to the years 1968 to 1984, this is not enough to allow the defendants to respond to this Request without objection. As clearly stated, the plaintiffs' Request is overly broad, unduly burdensome, not relevant or reasonably calculated to lead to the discovery of admissible evidence for several reasons. First, the defendants cannot be compelled to produced documents dating back over twenty (20) years which relate to "noise exposure" (whether hazardous or not) to all its railroad workers, and it is unreasonable for the plaintiffs to make this Request.

Moreover, the plaintiffs' collective argument that this exceptionally broad information is relevant (for instance that taking steps to reduce noise levels in Philadelphia is relevant to the plaintiffs' claims relating to levels in New York and Connecticut, which this Request does not even address) makes no sense. Should the plaintiffs prevail, the defendants would be forced to expend exceptional amounts of time and resources, which are entirely disproportionate to the plaintiffs' claims, only to produce documentation which has no bearing on this plaintiff's claim for hearing loss. Moreover, the plaintiffs' Request fails to specify, to any degree, whether the documents requested are even in the possession, custody and control of the defendants, and instead the plaintiff requests all documents prepared by any organization in relation to noise levels in the vicinity of all railroad workers. There can be no complete, non-objectionable response to this

Request. Accordingly, The defendants' objections should be sustained, and the plaintiffs' *Motion to Compel* in connection to Request No. 5 should be denied.

### 4. <u>Request No. 9</u>:

The plaintiffs seek to compel documents responsive to Request No. 9 which seeks: "All documents relating to the availability of ear protectors furnished by Defendant Consolidated Rail Corporation to Plaintiff." The defendants responded as follows:

> <u>Conrail and Penn Central</u>:
>
> Objection. Please see Preliminary Statement/General Objections. Additionally, Conrail and Penn Central object to Request No. 9 in that the defendants' records keeping policies do not include a continuing list of hearing protection equipment provided to a specific individual, as such records are not the type the defendants maintained or were required to maintain in the ordinary course of business.
>
> Moreover, the defendants object in that specific information requested is more within the knowledge of the plaintiff. Thus, the defendants are unable to respond to this Request with any particular specificity. Without waiving these objections, Conrail and Penn Central state: Please see Answer to Interrogatory No. 7.[5] As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

First, the defendants' objections speak for themselves, and they are perfectly reasonable considering the plaintiffs' overly broad and unspecific Request. Second, the defendants have

---

[5] Answer to Interrogatory No. 7 states:

> <u>Conrail and Penn Central</u>:
>
> Conrail and Penn Central object to Interrogatory No. 7 to the extent that same seeks information that is not specific to the plaintiff, his craft, work locations, or dates of employment. Without waiving said objection, Conrail and Penn Central state as follows: Conrail and Penn Central, by way of both oral and written instructions, constantly advised their employees to perform the duties of their operations in such a fashion as to protect their individual health and safety, as well as the health and safety of their fellow workers. Conrail and Penn Central have made various hearing protection devices available to all employees. The defendants' record keeping policies do not include a continuing list of such equipment provided to a specific individual, as such records are not the type Conrail and Penn Central maintain and/or were required to maintain. By way of further response, please see Answer to Interrogatory No. 3. As discovery is ongoing, the defendants reserve the right to amend/supplement this Answer prior to trial.

already fully responded to the plaintiff's Request by stating that they are not in possession, custody or control of any non-objectionable, responsive documents. The plaintiffs ignore this response, and instead appear to seek an order from the Court compelling a response that they will be happier with. This is not the purpose of a motion to compel. Third, this information is more within the knowledge of the plaintiff than the defendants, and is therefore unduly burdensome, and, in fact, the defendants have requested this information in a request for production from the plaintiff, which, to date, he has failed to produce. Thus, the defendants request that its objections be sustained, and that the plaintiffs' *Motion to Compel* relative to Request No. 9 be denied.

### 5.     <u>Request No. 10</u>:

The plaintiffs seek to compel the defendants to provide a more complete response to Request No. 10 which seeks: "All photographs of ear protection devices used or made available to Plaintiff by Defendant Consolidated Rail Corporation." The defendants again responded, "<u>Conrail and Penn Central</u>: Please see Preliminary Statement/General Objections. Additionally, please see Response No. 9. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial."

As clearly stated, the defendants' records-keeping policies do not include a continuing list of hearing protection equipment provided to a specific individual, as such records are not the type the defendants maintained or were required to maintain in the ordinary course of business. Thus, the defendants cannot be compelled to produce records which they do not possess or control. Yet, again, the plaintiffs' attempt to compel a different response.

Furthermore, the defendants' objections are clear on their face, and, as stated, this information is more within the knowledge of the plaintiff than the defendants, and is therefore unduly burdensome.  Thus, the defendants request that their objections be sustained, and that the plaintiffs' *Motion to Compel* with respect to Request No. 10 be denied.

### 6.    <u>Request No. 13</u>:

Although the plaintiffs make no argument in support of their request to compel the production of responsive documents, Request No. 13 seeks the following: "All written or recorded statements or memoranda of conversations by Plaintiff."  The defendants responded:

<u>Conrail and Penn Central</u>:

The defendants object to Request No. 13 on the grounds that same is overly broad. Without waiving this objection, Conrail and Penn Central state as follows: The defendants are not aware of any written or recorded statements or memoranda of conversations by the plaintiff.  However, the defendants expressly reserve any defense predicated upon the plaintiff's contributory acts and/or omissions discovery prior to trial.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

First, the defendants' objections are clear and self-explanatory; the plaintiff's Request is overly broad in that it in no way limits the scope of the conversations referred to, and, further, plaintiffs refuse to amend their Request.  The defendants' objection is perfectly appropriate and necessary.  Second, the defendants have already fully responded to the plaintiffs' Request, subject to their objections, and therefore the plaintiffs' request to compel production makes no sense.  However, once again, the plaintiffs seek a different response, which cannot be condoned.  Therefore, the defendants' objections should be sustained, and the plaintiffs' *Motion to Compel* relative to Request No. 13 must be denied.

**7.    Request No. 14:**

The plaintiffs additionally seek to compel documents responsive to the following Request: "All documents reflecting or pertaining to Defendant Consolidated Rail Corporation's knowledge of alleged problems posed by noise exposure." The defendants responded as follows:

Conrail and Penn Central:

Please see Preliminary Statement/General Objections. Additionally, the defendants object to Request No. 14 on the basis that it calls for the defendants to assume facts not presently made part of the record with respect to the plaintiff's exposure to industrial noise. It is impossible to generalize with respect to occupational noise or with respect to noise and the occupation of railroad employees. Mere exposure to occupational or industrial noise does not necessarily result in hearing loss in humans. The defendants further object in that this Request is overly broad, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information that is not specific to the plaintiff, the locations at which the plaintiff worked over the course of his career with the defendants, the machinery actually operated by the plaintiff and/or operated in the immediate vicinity of the plaintiff, or not relevant to the period during which the plaintiff has been employed by the defendants. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

The defendants' objections are clear, detailed and appropriate, and since the plaintiff refused to amend his Request, the defendants are unable to provide any non-objectionable documents which are responsive to this Request. Accordingly, the defendants request that their objections be sustained, and that the plaintiffs' *Motion to Compel* in connection with Request No. 14 be denied.

**8.    Request No. 15:**

The plaintiffs seek the following in Request No. 15: "All documents reflecting or pertaining to Plaintiff's knowledge of alleged problems posed by noise exposure." The defendants responded, "Conrail and Penn Central: Please see Answer to Interrogatory No. 3. As discovery is ongoing,

14

Conrail and Penn Central reserve the right to supplement this Response prior to trial."

Clearly, despite the plaintiffs' objectionable Request, the defendants provided, in good faith, a response, subject to their objections, by referring to Answer No. 5. However, beyond this response, the defendants are unable to produce any non-objectionable responsive documents, as the plaintiff, not the defendants, possesses specific documentation. Thus, the defendants' objections should be sustained, and the plaintiffs' *Motion to Compel* with respect to Request No. 15 should be denied.

### 9.    Request No. 20:

In Request No. 20, the plaintiff seeks the following information: "Any and all models, diagrams, schematics or charts, which depict the layout or physical arrangement of your railroad shops in which the Plaintiff worked." The defendants responded:

Conrail and Penn Central:

Objection. The defendants object to the plaintiff's use of the term "physical arrangement" as vague, ambiguous and speculative. The defendants further object to this Request insofar as it seeks to require the disclosure of matters depicted in photographs or drawings that were prepared in anticipation of litigation or trial and are not subject to disclosure in this matter pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure. The defendants also object to this Request insofar as it seeks to require disclosure of matters depicted in any photograph or drawing that would, in effect, be disclosure of photographs or drawings themselves and the defendants are not required to disclose such material until after the completion of discovery, including the taking of the plaintiff's deposition. *See* Martin v. Long Island Railroad Company, 63 F.R.D. 53 (E.D.N.Y. 1974); Snead v. American Export-Isbrandsten Lines, Inc., 59 F.R.D. 148 (E.D. Pa. 1973). As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

The defendants' objections are clear, detailed and self-explanatory, and, based on the plaintiffs' refusal to amend this Request, the defendants are unable to provide any non-objectionable, responsive documents. Moreover, the plaintiffs fail to provide any support for their

request to compel the defendants to produce documents. *See Plaintiffs Memorandum of Law in Support of Motion to Compel "Conrail Defendants" ("Pls. Memo")* at p. 17. Thus, the defendants request that its objections be sustained and that the plaintiffs' *Motion to Compel* concerning Request No. 20 be denied.

10.    <u>Request No. 22</u>:

The plaintiff seeks the following information in Request No. 22: "Any photographs, copies of photographs, or any periodicals containing photographs which show the inside of your railroad shops, in which the Plaintiff worked between the time period of 1976 to the present." The defendants clearly responded:

<u>Conrail and Penn Central</u>:

The defendants object to Request No. 22 on the grounds that the same requests information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not specific to the plaintiff, his craft, work locations or dates of employment. Without waiving this objection, Conrail and Penn Central state as follows: Please see Response No. 20. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

The defendants' objection is clear and appropriate and should be sustained. The requested documents are entirely irrelevant, i.e. pictures of the inside of the defendants' shops have nothing whatsoever to do with the plaintiffs' hearing loss claims. To date, there is no evidence that this plaintiff worked inside any such shop, as he worked as a signal maintainer in the C&S department, which is a predominantly outdoor position. Moreover, the plaintiffs fail to provide any support for their argument that this objection should be overruled, and refuse to amend their Request. Accordingly, the defendants are unable to produce any non-objectionable, responsive documents.

Additionally, the plaintiffs' specifically argue that the defendants should be compelled to

16

produce a privilege log pursuant to Local Rule 37. The defendants made this objection in an

abundance of caution, however, as stated above, they are unable to even identify any responsive

documents to this Request as it is presently phrased. In the event that their objections are

overruled, the defendants will do their best to comply with the necessary requirements. In any

event, the defendants request that their objections be sustained, and that the plaintiffs' *Motion to*

*Compel* in respect to Request No. 22 be denied.

### 11.    <u>Request No. 24</u>:

The plaintiff's Request No. 24 seeks the following:

Produce any safety book or rulebook issues to employees of Defendant Consolidated Rail
Corporation at its facilities, if any, which contain instructions on the appropriate methods
of performing their jobs:

(a)    to avoid creating excessive noise;
(b)    to protect the employee from adverse effects of such noise; or
(c)    provides that violation of such rules would be cause for some penalty against the
offending employee.

The defendants responded as follows:

<u>Conrail and Penn Central:</u>

The defendants object to Request No. 24 on the grounds that the same is overly broad,
unduly burdensome, not relevant, nor reasonably calculated to lead to the discovery of
admissible evidence. Without waiving this objection, Conrail and Penn Central state as
follows: Please see Answer to Interrogatory No. 3. As discovery is ongoing, Conrail and
Penn Central reserve the right to supplement this Response prior to trial.

The defendants' objections, once again, are clear and detailed and should be sustained.

Although the plaintiff agreed to limit his Request to the years 1968 through 1984, this is

insufficient, as the Request is not limited to the instant plaintiff. Requesting rule and/or safety

books provided to all the defendants' employees is not only overly burdensome, expensive and

designed only to harass the defendants, but such information is also irrelevant, as the materials

provided to any one railroad employee, holding one of many positions at numerous locations, has

no bearing on the plaintiff's claims, and such a Request is highly unreasonable.  As the plaintiffs

refuse to amend this Request, the defendants are unable to produce any responsive, non-

objectionable documents.  Further, despite its objections, the defendants made a good faith attempt

to provide a response to the plaintiff's Request by referring to their Answer to Interrogatory No. 3,

which the plaintiffs fail to address.  Accordingly the defendants' objections should be sustained,

and the plaintiffs' *Motion to Compel* in connection with Request No. 24 should be denied.

### 12.    Request No. 25:

The plaintiff's Request No. 25 seeks the following: "Any communications, instructions,

directions or orders to any supervisory personnel that refers, reports, or relates to hearing loss or

noise protection."  The defendants responded:

Conrail and Penn Central:

The defendants object to Request No. 25 on the grounds that the same is overly broad,
unduly burdensome, vague, ambiguous and seeks information that is not relevant nor
reasonably calculated to lead to the discovery of admissible evidence.  Without waiving
this objection, Conrail and Penn Central state as follows: Please see Answer to
Interrogatory No. 25.  As discovery is ongoing, Conrail and Penn Central reserve the right
to supplement this Response prior to trial.

Once again, the defendants' objections are clear and justified.  Although the plaintiff agreed

to limit the scope of the Request to the years 1968 through 1976, this is insufficient.  For instance,

the terms used by the plaintiffs remain unclear, ambiguous and vague, and therefore the defendants

cannot  respond absent objection.  Second, despite the plaintiffs' argument as to what they meant

by this Request, as detailed in the *Pls. Memo*, they refuse to amend the Request, and as presently

phrased, it does not illicit the information the plaintiffs now claim to seek. Further, the plaintiffs to

provide any support for their request that the defendants' objections be overruled. Accordingly,

The defendants' objections should be sustained, and the plaintiffs' *Motion to Compel* should be

denied.

### 13.     Request No. 26:

The plaintiffs, in Request No. 26, request that the defendants "Produce any and all copies

and samples of hearing protection provided to Plaintiff.  Please include any and all purchase

orders, bills and any documentation indicating when said equipment was first purchased and

available to defendant Consolidated Rail Corporation."  The defendants responded:

> Conrail and Penn Central:
>
> Objection.  Please see Preliminary Statement/General Objections.  Without waiving these
> objections, Conrail and Penn Central state as follows: Please see Answer to Interrogatory
> No. 7.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement
> this Response prior to trial.

The defendants' objections are clear, detailed and reasonable.  Further, the defendants

provided a response to the plaintiff, Kiniry, by referring to its Answer No. 7, wherein the

defendants states that its record-keeping policies do not include maintaining the type of

information that the plaintiff requests, especially since more than twenty (20) years has elapsed

since the plaintiff worked for the defendants.  The plaintiffs cannot move to compel the defendants

to produce documents simply because that did not like the response that was provided.  Thus, the

plaintiffs' request that the defendants' objections be sustained, and that their *Motion to Compel* be

denied.

### 14.     Request No. 27:

In Request No. 27, the plaintiffs seek the following:

With regard to defendant Consolidated Rail Corporation's hearing testing program, please provide any and all documentation concerning any statistics or figures on average hearing loss, total hearing loss or any statistics complied with regard to the hearing testing program conducted by the Defendant Consolidated Rail Corporation.

The defendants responded fully by providing, "Conrail and Penn Central:  The defendants are not in possession, custody or control of any documents which are responsive to this Request.  As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial."

Again the defendants' objections, which are clearly detailed in their General Objections/Preliminary Statement, as reproduced herein, are certainly justified and reasonable considering the plaintiffs' poorly drafted Request.  The plaintiffs fail to limit this Request in any way and refuse to amend the Request.  For the plaintiffs to now request that the defendants' objections be overruled, when the Request at issue is neither limited in time or scope, nor limited to the circumstances of the plaintiff, Kiniry's, employment with the defendants, is simply unreasonable.  It is clearly impossible for The defendants to provide a response, absent objection, to such a broad and irrelevant request.

Further, despite its objections, the defendants did in fact respond, to the best of their ability, to the plaintiff's Request by stating that they were not in possession, custody or control of any non-objectionable, responsive documents.  The plaintiffs again move to compel production seeking an alternate response, and this cannot be allowed.  Accordingly, the defendants' objections should be sustained, and the plaintiffs' *Motion to Compel* in regards to Request No. 27 must be denied.

**15.    <u>Request No. 28</u>:**

In Request No. 28, the plaintiffs request the following, "Produce a copy of any and all correspondence, memoranda or tangible evidence in whatever form concerning any safety meetings, safety minutes, safety booklets, safety information or any tangible evidence concerning any written safety materials utilized at said safety meetings." The defendants properly responded:

<u>Conrail and Penn Central:</u>

The defendants object to Request No. 28 on the grounds that the same is overly broad, ambiguous, vague, overly burdensome, oppressive and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Conrail and Penn Central state as follows: Please see Answer to Interrogatory Nos. 3 and 7. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

First, the plaintiffs' Request makes no sense, and yet the plaintiffs refuse to amend this Request beyond limiting the Request to the years 1968 to 1984 and limiting the reference to "noise, hearing and hearing loss." To seek an order compelling the defendants to respond to such a non-sensical request, after refusing to amend the same, is bad faith by the plaintiffs. Further, as the defendants' objections clearly explain, the information that the plaintiffs appear to be requesting is extraordinarily broad, burdensome, oppressive and irrelevant, especially considering the more than twenty (20) years that have elapsed since the plaintiff's employment with the defendants, the varied and numerous safety rules and regulations, meetings, minutes, booklets, and "information" generated by the defendants over the years they were in operation, which apply to hundreds of employee positions and locations, and the utter lack of limitation in time or scope or applicability to the circumstances of the plaintiff's employment with the defendants. Clearly, the defendants' objections must be sustained.

Moreover, in a good faith attempt to respond to the plaintiff's Request, the defendants

referred the plaintiff to their Answers to Interrogatory Nos. 3 and 7, which very clearly detail the

defendants' efforts concerning hearing conservation. The plaintiffs fail to address this response.

Thus, the defendants respectfully request that their objections be sustained and that the plaintiffs'

*Motion to Compel* in relation to Request No. 28 be denied.

### 16.     Request No. 29:

The plaintiffs' Request No. 29 seeks the following, "Produce a copy of any and all tests,

reports, examinations, studies, surveys or results in whatever tangible form concerning any and all

inspections concerning noise levels." The defendants responded:

> Conrail and Penn Central:
>
> The defendants object to Request No. 29 to the extent that it is overly broad, burdensome, not relevant nor reasonably calculated to lead to the discovery of admissible evidence in that the requested information is not specific to the plaintiff, his craft, his work locations or dates of employment. Without waiving this objection, Conrail and Penn Central state as follows: Please see Answer to Interrogatory No. 4. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

Although the plaintiffs have agreed to limit this Request to the time period between 1968

and 1984, and have further agreed to limit the Request to information that "pertains to the

plaintiff's craft, equipment of similar type and kind the worked around, tie gangs, rail gangs,

surfacing gangs, and yard gangs, and the shops where the plaintiff worked and the plaintiff's work

locations (which is, essentially, no limitation at all), this Request remains objectionable. In

essence, the plaintiff is requesting documentation, which again dates back more than twenty (20)

years, pertaining to all forms of "tests, reports, examinations, studies, surveys or results," relative

to every piece of equipment and any location that the plaintiff <u>may</u> have been exposed to, whether

for 1 second or 8 hours, whether outdoors or indoors, and whether near or far. This is certainly

unreasonable, burdensome, harassing, and, most importantly, irrelevant.  Further, the plaintiffs fail to make any argument as why their need for this information outweighs the exceptional burden and expense in obtaining this irrelevant information.  Moreover, the plaintiffs make this request in every one of the more than 45 pending hearing loss cases, and this is certainly cumulative and harassing.  Accordingly, the defendants' objections should be sustained.

Further, the defendants did refer the plaintiff to their Answer No. 4, which provides, subject to the defendants' objections, that, "The defendants monitored noise levels throughout their railroading operations to the extent required by 49 C.F.R. 229.121 and 29 C.F.R. 1910.95. In so responding, The defendants does not admit the applicability of the aforesaid regulations to the instant case."  The defendants are unable to provide any non-objectionable, responsive documents to the plaintiff's Request, and the plaintiffs' *Motion to Compel* relative to Request No. 29 should be denied.

### 17.    <u>Request No. 30</u>:

The plaintiffs request that the defendants' objections to the following Request be overruled in connection with Request No. 30, which states: "Produce a copy of any and all personnel or employee records pertaining to the Plaintiff and kept in the possession of the Defendant Consolidated Rail Corporation."  The defendants responded, "<u>Conrail and Penn Central:</u>  Please see Response No. 1. As discovery is ongoing, The defendants reserves the right to supplement this Response prior to trial."

In response to the plaintiff's Request, the defendants provided Mr. Kiniry's personnel file, however, the defendants' General Objection/Preliminary Statement must be sustained.  The

General Objection is clear and unambiguous and is applicable to Request No. 30, and the plaintiffs fail to provide any reason whatsoever why the Objection should be overruled. Thus, the plaintiffs' request that the defendants' General Objection be overruled in connection with Request No. 30 should be denied.

### 18.     Request No. 31:

The plaintiffs' request that the defendants' objections to Request No. 31 be overruled and that the defendants be compelled to produce responsive documents to the Request which seeks, "Any studies commissioned by the Association of American Railroads (through a technical research organization in Canada) for the purpose of determining human factors hazards inside locomotive cabs." The defendants responded:

<u>Conrail and Penn Central:</u>

The defendants object to Request No. 31 for its use of the term "human factor hazards" as vague and ambiguous. The defendants further object to this Request on the grounds that the same seeks information not specific to the plaintiff, his craft, his work locations or dates of employments. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

Preliminarily, although the plaintiffs agreed to modify their Request by substituting "human health risks" for "human factor hazards" this is not enough. Even with this amendment, the Request remains vague and ambiguous, and the defendants are therefore unable to respond absent objection. Further, as clearly stated, the Request is not specific to the plaintiff, and therefore the information requested is overly broad, burdensome and irrelevant, yet the plaintiffs have refused to limit the Request accordingly. The defendants must not be penalized for the plaintiffs' poorly drafted Request and subsequent lack of cooperation.

Moreover, the Request seeks information which has been generated by a non-party, the

AAR, which is not under the control of the defendants, which the defendants can clearly not fully respond to. Also, the Request seeks information relative to testing by this third-party "inside locomotive cabs," yet there is no evidence that the plaintiff, Kiniry, a signal maintainer in C&S department (as discussed above), was exposed to the noise inside a locomotive cab, and therefore this Request is entirely irrelevant to Mr. Kiniry's case. Therefore, the defendants' objections should be sustained, and the plaintiffs' *Motion to Compel* in connection with Request No. 31 should be denied.

**19.     <u>Request No. 32</u>:**

The plaintiffs seek to compel the defendants to produce the documents responsive to the following Request: "Any "Lawshe Reports" (which were commissioned by the Association of American Railroads) which implicate certain known and understood work hazard specifically associated with the Plaintiff's job." The defendants responded:

<u>Conrail and Penn Central:</u>

The defendants object to Request No. 32 on the basis that the same is vague and ambiguous in the use of the term "work hazards." The defendants further object to this Request on the ground that the same is overly broad, burdensome, not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The defendants further object to this Request in that it carries an implication, explicitly or implicitly, that the defendants' business is inherently dangerous and creates conditions which are dangerous, implications which are specifically denies. The defendants further object to this Request on the grounds that the same seeks information not specific to the plaintiff, his craft, work locations, the machinery operated by the plaintiff and/or in the plaintiff's immediate vicinity, or his dates of employment. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial.

First, the plaintiffs' amendment, which is unclear on its face, does not rectify the ambiguity and vagueness to which The defendants objected, and therefore, the objection should be sustained.

25

Moreover, the defendants' objection relative to the implications contained within the Request are self-explanatory and justified and should be sustained. As with the plaintiffs' Request No. 31, the plaintiffs' seek production of documents from the incorrect entity. The "Lawshee Reports" were admittedly commissioned by the AAR, not he defendants, and therefore, the defendants cannot be compelled to produce these documents. Finally, the Request, as amended by the plaintiffs, is not specific to the instant plaintiff and therefore the defendants' objection relative to this lack of specificity should not be overruled, as the plaintiffs' request. Accordingly, the plaintiffs' *Motion to Compel* in relation to Request No. 32 must be denied.

### 20.     Request No. 33:

In Request No. 33, the plaintiffs seek the following: "All documents from the medical and surgical section of the Association of American Railroads relating in any way to noise-induced hearing loss." The defendants responded:

Conrail:

Objection. Please see Preliminary Statement/General Objections. Conrail further objects to this Request to the extent that it is overly broad, unduly burdensome, harassing and not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Conrail states as follows: Conrail is aware that the Association of American Railroad ("AAR") conducts meeting of the medical and surgical officers to discuss a variety of safety and health concerns in the railroad industry. However, Conrail does not keep record, in the normal course of its business, that reflect which annual meetings were actually attended by Conrail or the topics discussed. As discovery is ongoing, Conrail reserves the right to supplement this Response prior to trial.

Penn Central:

Not applicable.

The plaintiffs now attempt to substitute their argument contained within their *Memorandum*

*of Law* for the Request at issue, and further refuse to amend or modify the same. This cannot be allowed. The defendants' objections are clear, detailed and reasonable, and should be sustained. Furthermore, the defendants provided a response to this Request, subject to their objection, and the plaintiffs disregard this response entirely and instead request an order compelling the defendants to produce documents that it has already stated that it does not possess. Further, this Request is not applicable to American. The plaintiffs' *Motion to Compel* is entirely inappropriate and made in bad faith in relation to Request No. 33, and should be denied accordingly.

### 21.    Request No. 35:

Finally, in their Request No. 35, the plaintiffs seek the following: "Any notice to the Plaintiff that he has an impairment to his hearing." The defendants responded, "Conrail & Penn Central: Please see Response No. 2. As discovery is ongoing, Conrail and Penn Central reserve the right to supplement this Response prior to trial."

Despite the plaintiff's failure to specify what type of notice it is referring to, or by whom the notice was provided, the defendants referred the plaintiff to their Response to Request No. 2, which is a copy of the plaintiff's medical records. Any notices which are in the defendants' possession, custody and control relating to the plaintiff's hearing would be contained within that file. Therefore, the defendants have fully responded to the plaintiff's Request. Further, as the plaintiff would be just as likely, if not more likely to possess such "notices" provided to him, the defendants requested (in its *Request for Production of Documents)* that the plaintiff provide such notice which he possessed to the defendants, and the plaintiff has failed to do so to date. Thus, the plaintiffs' *Motion to Compel* in connection with Request No. 35 should be denied, and the

defendants' objections to the same, which are clear and detailed, should be sustained.

### C.    INTERROGATORIES:

#### 1.    Interrogatory No. 6:

In Interrogatory No. 6, the plaintiffs seek the following: "Was any educational program ever undertaken by the Defendants to inform the Plaintiff of company-approved methods to avoid injury from noise?  If so, please identify the date it commenced and the individuals who were in charge of any such educational programs."  The defendants responded, "Conrail and Penn Central:  Please see Answer to Interrogatory No. 3.  As discovery is ongoing, the defendants reserve the right to amend/supplement this Answer prior to trial."

The plaintiffs' accusation that "The Defendants completely failed to respond to this Interrogatory" is false. *See Pls.' Memo* at p. 22.  The defendants clearly responded to the plaintiff's request by referring the plaintiff to their Answer to Interrogatory No. 3 (detailed herein above), which is also responsive to Interrogatory No. 6.  Moreover, the defendants objected to the Interrogatory on the basis that it was overly broad, burdensome and irrelevant, and the plaintiffs fail to provide any evidence or information that suggests that their need for this information outweighs the burden and expense imposed upon he defendants in further answering this Interrogatory.  Accordingly, the defendants' reasonable and appropriate objections should be sustained, and the plaintiffs' *Motion to Compel* in regards to Interrogatory No. 6 should be denied.

#### 2.    Interrogatory No. 9:

In his Interrogatory No. 9, the plaintiff seeks the following, "Identify all rules,

regulations or guidelines pertaining to the use of hearing protection." The defendants responded, "Conrail and Penn Central:  Please see Answer to Interrogatory No. 7.  As discovery is on-going, the defendants reserve the right to amend/supplement this Answer prior to trial."

Although the plaintiffs agreed to modify their Interrogatory by limiting it to the circumstances of the plaintiff's employment with the defendants, this is not enough to allow the defendants to withdraw their General Objection in its entirety.  However, the defendants do agree to withdraw any and all objections relative to the lack of specificity to the plaintiff's employment with the defendants.  The remainder of the defendants' objections should be sustained, as they are clear, detailed, reasonable and applicable to this Interrogatory.

Furthermore, the defendants responded to the plaintiff's Interrogatory to the best of its ability by referring the plaintiff to its Answer to Interrogatory No. 7, which is discussed more fully above. Moreover, the defendants specifically stated that its "record keeping policies do not include a continuing list of such equipment provided to a specific individual, as such records are not the type the defendants maintains and/or was required to maintain."  This is especially true in that the plaintiff seeks information concerning his employment with the defendants which ceased over twenty (20) years ago.  Accordingly, the defendants' objection should be sustained, and the plaintiffs' *Motion to Compel* regarding Interrogatory No. 9 should be denied.

### 3.    Interrogatory No. 8:

The plaintiffs seek an order overruling the defendants' objections to the plaintiffs'

Interrogatory No. 8, and compelling a further response to said Interrogatory which provides,

"Please identify any tangible information from the Federal Railroad Administration concerning

railroad noise, sound testing, surveys, etc."  The defendants appropriately responded as

follows:

> <u>Conrail and Penn Central</u>:
>
> Conrail and American Interrogatory No. 8 on the basis that the same is overly broad, unduly burdensome, not relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that same seeks information not specific to the plaintiff, his craft, work locations, or dates of employment.  In addition, Conrail and Penn Central object to this Interrogatory in that it is overly broad and vague to the extent that it seeks to request "any tangible evidence" from the Federal Railroad Administration ("FRA") concerning noise. Conrail and Penn Central state that such information is equally accessible to the plaintiff as to the defendants.   As discovery is ongoing, the defendants reserve the right to amend/supplement this Answer prior to trial.

The defendants' objections are clear, detailed and appropriate considering the plaintiff's

request and should be sustained. The plaintiffs refused to amend this Interrogatory in any way,

and now, in bad faith, seek an order compelling the defendants to answer the same regardless

of the objectionable nature of the Interrogatory, especially considering the complete lack of

limitation on the time and scope of the Interrogatory and the failure to limit the Interrogatory to

the plaintiff in any way.  They cannot be allowed to prevail in this request.  Thus, The

defendants' objections should be sustained, and the plaintiffs' *Motion to Compel* in relation to

Interrogatory No. 8 should be denied.

### 4.      <u>Interrogatory No. 3</u>:

In his Interrogatory No. 3, the plaintiff requests, "Detail any steps taken by the

Defendant Consolidated Rail Corporation, American Financial Group, Inc., f/k/a American

Premier Underwriters, Inc., f/k/a Penn Central Corp., (hereinafter referred to as "The

defendants Defendants") to protect the Plaintiff from exposure to noise while employed by the

Defendants and when such steps were implemented."  The defendants responded in detail as

follows:

Conrail:

Conrail objects to Interrogatory No. 3 on the grounds that this Interrogatory is overly
broad and unduly burdensome.  Although Conrail maintains records in the course of its
business which generally reflect the positions to which the plaintiff worked during the
course of his employment with Conrail, the actual job duties performed by employees
with the same job classification vary.  As a result, the equipment and/or machinery used
and/or operated by the plaintiff or in the plaintiff's vicinity vary.  Thus, Conrail is
unable to provide a more specific response.

Without waiving these objections, Conrail states as follows: Since April 1, 1976,
Conrail has, by way of both oral and written instruction, constantly advised its
employees to perform the duties of their occupation in such a fashion as to protect their
individual health and safety as well as the health and safety of their fellow workers.
Rules pertaining to work safety have been in existence since Conrail came into
existence on April 1, 1976.  Every employee is and was provided with a copy of those
written Rules, and employees are constantly reminded of those Rules while on the job
site by supervisory personnel.  Such instructions, written and/or oral, include, but are
not limited to, the use of protective equipment and performance of job functions in such
a manner and fashion as to prevent any situation injurious to the health or safety of the
employee of his/her fellow workers.

Conrail's Hearing Conservation measures and policies include compliance with all
applicable Federal and State regulations, including, but not limited to, those
promulgated by the FRA and OSHA.  In general terms, these Hearing Conservation
measures and policies were and are designed to reduce noise in the workplace, protect
employees from excessive noise exposure and to test audiometrically and/or evaluation
and educate employees.  The following are some of the measures adopted with regard to
noise abatement:

1.      Treat the equipment.  Machines are aligned and oiled, and loose parts, housings
        and belts are tightened.

31

2.    <u>Isolate the operators.</u>  If possible, remove the operator from the noise area.

3.    <u>Enclose the machine.</u>  If possible, enclose the equipment, with access for maintenance and production, with high density material, without gaps or leaks.

4.    <u>Absorb the noise.</u>  Reflected sound can be reduced with the use of strategically placed panels.  This will help employees 20 to 30 feet away.

Further, Conrail's Hearing Conservation measures and policies prohibit the purchase of new equipment or machinery that would expose employees normally assigned to work in the vicinity of a sound level of more than 85dB for an eight-hour period.  New equipment that does not meet this noise level specification can only be purchased if the responsible Vice President, the Vice President - Materials and Purchasing, the Director - Safety, and the Chief Medical officer collectively determine that no satisfactory alternative is available.

With reference to the use of hearing protection devices, Conrail has advised and does advise employees to use hearing protection devices by means or oral communication and the use of printed materials, including signs and safety rule booklets.  Additionally, a video presentation entitled, "Hearing Conservation," is shown periodically, and discussions are held at regularly scheduled safety meetings.  Crew packs containing personal hygiene items are distributed daily to train and engine personnel.  Each pack includes a pair of earplugs.

In compliance with OSHA 29 C.F.R. 1910.25(d), Conrail instituted a training program to ensure that employees are instructed concerning the selections, fitting, use and care of hearing protection equipment.  Supervisors must ensure that employees are training on hearing protection, have been given hearing protection, and have access to replacement hearing protection when required.

Under Conrail's Hearing Conservation measures and policies, hearing protection devices are mandatory in designated areas in various yards and facilities to ensure compliance with the Hearing Conservation Amendment of the OSHA 29 C.F.R. 1910.95 9(c)-(o).  The following is a partial list of equipment that would be included in Conrail's Conservation measures and policies: wheel, locomotive test area during high R.P.M. testing, power generating plants, ladder thread machines, air compressor areas, production at Conrail burning areas, air brake test areas, coal dumpers, sandblasting operations, high-pressure pumping stations, prolonged activity within 200 feet of retarders in use, operation of pneumatic or cartridge tools, grit blast machines, metal-cutting latches, such as amative and Leblond, Lubrise machines, case cleaning areas, grinding machines, boring mill machines, blacksmith furnaces, drill presses, welding

areas and injector rooms.

Moreover, color-coded maps have been posted in visible areas throughout the major yards and shops in Conrail's system which indicate areas where hearing protection is mandatory, or areas where hearing protection in only required when performing designated operations, or within stated distances of those designated operations.

Conrail retained Hearing Conservation Noise Control, Inc., 1721 Pine Street, Philadelphia, PA 19103 in 1983 to assist in the administration of its Hearing Conservation measures. Prior thereto, all hearing conservation activities were undertaken jointly by members of the Health Services and Safety Departments. Such efforts and/or strategies included, but were not limited to, surveying all maintenance of way equipment for noise level, posting signs on equipment denoting whether hearing protection was required while working with or in the vicinity of the subject equipment, training of employees regarding the same, identification of noisy work locations, making hearing protection available to employees and audiometer testing of employees, as appropriate.

Effective April 1, 1991, IMPACT began performing all of Conrail's audiometric testing. Their address is 920 Main Street, Suite 700, Kansas City, Missouri 64205. As of April 1, 1992, Washington Occupational Health Associates, 1120 19th Street, N.W., Washington, DC 20036, performed all of Conrail's audiometric testing. Beginning April 11, 1993, Occupational Health Services of Alexandria, VA performed all of Conrail's audiometric testing. From April 1, 1994 until May, 1996, Conrail administered its own hearing conservation measures and policies, including audiometric testing. Starting in April, 1995, Conrail purchased a mobile van to conduct audiometric tests on employees. Prior to the audiometric testing, each employee was shown a hearing conservation video. After the audiometric test is performed, each employee received hearing protection.

In May, 1996, Quality Mobile Hearing began to perform all of Conrail's audiometric testing. Darcel McGee was the manager of Conrail's Hearing Conservation Program. Her address is c/o Quality Mobile Hearing, Suite 309, 1 Cherry Hill, Cherry Hill, NJ 08002. Audiometric testing under the measures is extensive. To list the names of any employees or particular crafts whose hearing was tested or measured is objected to on the basis that it is unduly burdensome and not reasonably calculated to lead to the production of admissible evidence. Conrail continues to develop and administer its hearing conservation efforts. As discovery is ongoing, Conrail reserves the right to amend/supplement this Answer prior to trial.

Penn Central:

33

Not applicable.

Clearly, The defendants has already provided the dates which the plaintiffs now seek to compel.  Therefore, The defendants can only assume that this request is designed to harass The defendants.  Accordingly, based upon the defendants' detailed and thorough *Answer to Interrogatory No. 3*, the plaintiffs' *Motion to Compel* should be denied.

### 5.    Interrogatory No. 4:

In his Interrogatory No. 4, the plaintiff requests the following:

For any tests performed by, under the control of, or at the request of the Defendants to measure the noise levels at the job site or in the facilities in which Plaintiff worked or any part hereof, please state:

(a)    the date of such test or tests;

(b)    the person or organization administering such tests;

(c)    the result of such tests.

The defendants responded as follows:

Conrail and Penn Central:

Conrail and Penn Central object to Interrogatory No. 4 on the basis that it is overly broad, unduly burdensome, not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Without waiver of the same and in the spirit of cooperative discovery, Conrail and Penn Central monitored noise levels throughout their railroading operations to the extent required by 49 C.F.R. 229.121 and 29 C.F.R. 1910.95.  In so responding, Conrail and Penn Central do not admit the applicability of the aforesaid regulations to the instant case.

By way of further response, Conrail and Penn Central have no present knowledge as to what particular area and/or equipment with which the plaintiff worked and/or time

34

periods involved with each area and/or equipment, such information being within the knowledge of the plaintiff. Consequently, Conrail and Penn Central are unable to respond to this Interrogatory with further specificity. As discovery is ongoing, the defendants reserve the right to amend/supplement this Answer prior to trial.

Despite the defendants' agreement to supplement this Answer *to the extent possible (which the plaintiffs' fail to mention)*,[6] the plaintiffs' seek to compel a more complete response and request that the defendants' objections be overruled, and refuse to amend this Interrogatory in any way. First, the defendants' objections must be sustained in that the plaintiff's Interrogatory is not limited in time or scope, and, as such, is clearly overly broad, unduly burdensome and irrelevant, i.e. the plaintiffs are requesting that The defendants provide information relative to "testing" at any job site where the plaintiff may have worked, at any time during the defendants' existence. Second, the plaintiffs fail to provide any support for their argument that their need for this information, in light of the plaintiff's claim, outweighs the great burden and expense placed upon The defendants. Accordingly, the plaintiffs' request that the defendants' objections be overruled should be denied, and their *Motion to Compel* relative to Interrogatory No. 4 should also be denied.

### 6.    Interrogatory No. 5:

Finally, in his Interrogatory No. 5, the plaintiffs seeks the following, "Describe steps taken by the Defendants, if any, to abate or reduce noise levels in its facilities or on the job

---

[6] Based upon the numerous plaintiffs, the defendants have requested an extension of time of their offer to supplement their discovery responses within 30 days, but, to date, the defendants have not received a response from the plaintiffs in this regard.

sites in which Plaintiff worked." The defendants responded, "Conrail and Penn Central: Please see Answer to Interrogatory No. 3. As discovery is ongoing, the defendant reserves the right to amend/supplement this Answer prior to trial."

The defendants' objections to this Interrogatory are entirely appropriate and should be sustained, as the Interrogatory is overly broad, burdensome and irrelevant and the plaintiffs have refused to amend it. Moreover, the defendants provide a thorough and complete response, subject to its objections, by referring the plaintiff to its Answer No. 3. Thus, the plaintiffs' *Motion to Compel* relative to Interrogatory No. 5 should be denied.

**III.    CONCLUSION:**

To allow the plaintiffs' *Motion to Compel* is to reward them for their inartfully drafted Requests and Interrogatories and uncooperative refusal to amend the same. Despite the plaintiff's problematic discovery requests, the defendants prepared thoughtful and forthright responses and objections. As detailed more fully above, the plaintiffs' joint *Motion to Compel*, as applied to this plaintiff, as well as all of the hearing loss plaintiffs, is without merit and should be denied accordingly.

Respectfully submitted,

CONSOLIDATED RAIL CORPORATION and AMERICAN FINANCIAL GROUP, INC.

36

By their Attorneys,

_____
Michael B. Flynn,#ct21215
Lori A. McCarthy #ct19557
FLYNN & ASSOCIATES, P.C.
189 State Street, Sixth Floor
Boston, MA 02109
(617)722-8253
(617)722-8254 (facsimile)

## CERTIFICATION

This is to hereby certify that a copy of the foregoing has been mailed, postage prepaid, this 31st day of December, 2003, to the following:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Anthony D. Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

_____
Lori A. McCarthy

G:\F & A\CASE FILES\Norfolk Southern Occupational\Hearing Loss\Kiniry\PLEADINGS\Opposition to plaintiff's motion to compel.12.29.03.doc