UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
————————————————————X

Robert F. Wright

    Plaintiff

VS.

Metro-North Railroad Company, et al.

    Defendants

————————————————————X

Civil Action
No:
3:03CV00191(RNC)

November 20, 2003

## PLAINTIFF'S SECOND REQUEST FOR
## PRODUCTION OF DOCUMENTS DIRECTED TO CONRAIL

1. All documents reviewed in order to answer plaintiff's first set of interrogatories .

2. All documents pertaining to "Conrail's MW Equipment Noise Survey conducted in the second half of 1979".

3. A true, accurate and complete copy of "Conrail's MW Equipment Noise Survey conducted in the second half of 1979".

4. All noise surveys conducted of all facilities in which the plaintiff worked.

5. All documents pertaining to the results of "Conrail's MW Equipment Noise Survey conducted in the second half of 1979".

6. All documents pertaining to any testing of sound levels around track equipment.

7. All documents pertaining to any testing of sound levels around tie gangs.

8. All documents pertaining to any testing of sound levels around surfacing gangs.

9. All documents pertaining to any testing of sound levels around rail gangs.

10. All documents pertaining to testing of sound levels in the Cos Cob Power Plant.

11. All documents pertaining to testing of sound levels of train horns.

12. All documents pertaining to testing sound levels of train whistles and horns.

13. All documents relating to any efforts to minimize or reduce sound levels of track equipment.

14. All documents relating to any efforts to educate, train and teach the plaintiff how to prevent, limit, or reduce his exposure to noise while working for the defendant.

15. All documents relating to any citations, fines or penalties issued by any government agency or department against the defendant pertaining to excessive noise.

16. All documents relating to any citations, fines or penalties issued by any government agency or department against the defendant pertaining to failure to institute hearing conservation measures.

17. All documents relating to any citations, fines or penalties issued by any government agency or department against the defendant pertaining to failure to provide hearing protection to any of its employees.

18. All documents and correspondence pertaining to any agreement or understanding between defendant Metro-North and any of the other defendants pertaining to allocation of defense costs, allocation of liability and allocation of expert costs in connection with plaintiff's case.

19. All documents pertaining to the defendant's decision to implement a hearing conservation program.

20. All documents pertaining to hearing conservation efforts and activities undertaken by members of defendant Health Services and Safety Departments.

21. All documents pertaining to testing or measuring maintenance of way and track department equipment for noise levels.

22. All documents identifying all equipment on which signs were supposed to be displayed denoting whether hearing protection was required while working with or in the vicinity of the machine.

23. All correspondence between defendant Conrail and Hearing Conservation Noise Control, Inc. pertaining to defendant Conrail's Hearing Conservation measures.

24. All contracts, agreements and letters of understanding between defendant Conrail and Hearing Conservation Noise Control, Inc. pertaining all work performed in connection with defendant Conrail's Hearing Conservation measures.

25. All data, reports, documents, data or memoranda compiled by Hearing Conservation Noise Control, Inc. for Conrail.

26. All correspondence between defendant Conrail and IMPACT pertaining to defendant Conrail's Hearing Conservation measures.

27. All contracts, agreements and letters of understanding between defendant Conrail and IMPACT pertaining all work performed in connection with defendant Conrail's Hearing Conservation measures.

28. All data, reports, documents, data or memoranda compiled by IMPACT for Conrail.

29. All correspondence between defendant Conrail and Occupational Health Services pertaining to defendant Conrail's Hearing Conservation measures.

30. All contracts, agreements and letters of understanding between defendant Conrail and Occupational Health Services pertaining all work performed in connection with defendant Conrail's Hearing Conservation measures.

31. All data, reports, documents, data or memoranda compiled by Occupational Health Services for Conrail.

32. All correspondence between defendant Conrail and Quality Mobile Hearing pertaining to defendant Conrail's Hearing Conservation measures.

33. All contracts, agreements and letters of understanding between defendant Conrail and Quality Mobile Hearing pertaining all work performed in connection with defendant Conrail's Hearing Conservation measures.

34. All data, reports, documents, data or memoranda compiled by Quality Mobile Hearing for Conrail

35. A copy of the "Rules pertaining to work safety" identified in response to interrogatory 3.

36. The "written instructions" referred to in response to interrogatory 3 pertaining to "use of protective equipment and performance of job functions in such a manner and fashion as to prevent any situation injurious to health or safety of the employee."

37. A copy of the Hearing Conservation Video identified in response to plaintiffs' interrogatory 3.

38. All documents drafted by Darcel McGee concerning Conrail's Hearing Conservation.

39. All documents sent to or carbon copied to Darcel McGee concerning Conrail's Hearing Conservation.

40. All documents pertaining to "Conrail's Hearing Conservation measures and policies" as identified in response to plaintiffs' interrogatory 3.

41. All documents pertaining to all decisions made by the "responsible Vice President, the Vice President  Materials and Purchasing, the Director   Safety, and the Chief Medical Officer" concerning the purchase of equipment or machinery that would expose employees to a sound level of more than 85dB for an eight hour period as identified in response to plaintiffs' interrogatory 3.

42. All printed materials, including signs and safety rule booklets used to advise employees to use hearing protection devices as identified in response to plaintiffs' interrogatory 3.

43. All documents pertaining to the "training program to ensure employees are instructed concerning the selections, fitting, use and care of hearing protection equipment" as identified in defendant' response to plaintiff's interrogatory 3.

3

44. All documents pertaining to the training or instruction of supervisors responsible for ensuring "that employees are train[ed] on hearing protection, have been given hearing protection, and have access to replacement hearing protection" as identified in response to plaintiff's interrogatory 3.

45. All documents reflecting the types of machinery and equipment tested for noise levels in the course of Conrail's Hearing Conservation and the test results.

46. All documents relating defendant's knowledge of health risks associated with exposure to loud or excessive noises.

47. All documents relating to defendant's knowledge of the benefits of hearing conservation.

48. All documents containing data and statistics pertaining to number of hearing loss claims made by its employees.

49. All documents containing data and statistics concerning hearing loss among railroad employees.

50. The "various studies, articles and documentation published in medical and scientific literature concerning industrial noise exposure, hearing loss, noise in the railroad industry and hearing conservation" the defendant' possess as identified in their 26a Disclosure.

51. The "safety rules and regulations of Penn Central/Conrail, identified in defendant' 26a Disclosure.

52. The "catalogs of protective equipment of Penn/Central / Conrail" identified in their 26a Disclosure.

53. All documents pertaining to Conrail's hearing conservation program from 1976 to 1984.

54. All documents pertaining testing for noise levels around track equipment, tie gangs, rail gangs, yard gangs and surfacing gangs from 1976 to 1984.

55. All correspondence from Conrail to OSHA concerning noise levels around track equipment, tie gangs, rail gangs, yard gangs and surfacing gangs from 1976 to 1984.

56. All documents pertaining to all hearing conservation activities undertaken by the Health Services and Safety Departments including, but not limited to, documents relating to noise survey results, training of employees and management, identification of noisy work locations, and making hearing protection available to employees.

Respectfully submitted,
FOR THE PLAINTIFF,

By _____
    Scott E. Perry (ct17236)
    CAHILL & GOETSCH, P.C.
    43 Trumbull Street
    New Haven, Connecticut  06511
    (203) 777 1000

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 20th day of November, 2003, to Lori A. McCarthy, Esq., Flynn & Associates, P.C., 189 State Street, 6th Floor, Boston, Massachusetts 02109; and to Anthony D. Sutton, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut  06905.

_____
Scott E. Perry

5