UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

| | |
|---|---|
| THOMAS KINIRY, | CIVIL ACTION |
| Plaintiff | NO. 3:02CV01680 (JBA) |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, | |
| Defendant | FEBRUARY 18, 2005 |

_____X

**PLAINTIFF'S MOTION IN LIMINE REGARDING
PRIOR LAWSUIT, SETTLEMENT, AND RELEASE**

Evidence any of plaintiff's prior lawsuits, settlements, settlement amounts and releases are inadmissible. Simply put, this information is not relevant to whether the plaintiff is entitled to recover for the injuries that are the subject of the instant lawsuit. For the reasons set forth herein, the Court should preclude the defendant railroad from introducing any such evidence during trial.

In Richardson v. Missouri Pacific Railroad Co., 186 F.3d 1273, 1278 (10th Cir. 1999), the Tenth Circuit Court of Appeals addressed this issue and unequivocally held that evidence of a plaintiff's prior lawsuit, settlement, settlement amount and release are not relevant or admissible. In Richardson the plaintiff sought to recover money damages for an on-the-job injury he suffered to his back and neck in 1996. In 1986, the plaintiff had sued the railroad for an on-the-job back injury, and the railroad settled with the plaintiff after he signed a release.

During the trial the plaintiff's 1996 accident, the railroad introduced evidence of the plaintiff's prior lawsuit, the fact there was a settlement, the settlement amount, and the release the plaintiff signed. The Tenth Circuit held:

> we find that evidence of the previous lawsuit, the compensation paid to plaintiff, its amount, and the release signed has no relevance to the determination of whether the 1996 accident aggravated his 1986 injury. The admission of this evidence was extremely prejudicial and therefore requires that this case be reversed and remanded for a new trial.

Id. at 1279. The Circuit Court also held "the fact the plaintiff signed a release [in connection with a prior injury] does not absolve Defendant for liability for an aggravation of that injury from another accident." Id. at 1279. The Tenth Circuit reversed the trial court, and remanded the case to the trial court for a new trial since the trial court abused its discretion by admitting such evidence.

In the instant case, any evidence of the plaintiff's prior lawsuits, settlements, settlement amounts, or releases is not relevant and is unduly prejudicial. See Fed. R. Evid. 402 and 403. Accordingly, the plaintiff respectfully requests that the defendant be precluded from introducing any such evidence at that trial of this case.

FOR THE PLAINTIFF

By _____
Scott E. Perry, ct17236
CAHILL, GOETSCH and MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

2

## Certificate of Service

     This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid to:

Robert O. Hickey, Esq.
Ryan Ryan Johnson & Deluca
80 Fourth St., P.O. Box 3057
Stamford, CT 06905

     on this 18 day of February, 2005.

_____