UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

THOMAS KINIRY,                                    CIVIL ACTION

    Plaintiff                                         NO. 3:02CV01680 (JBA)

VS.

METRO-NORTH RAILROAD COMPANY,

    Defendant                                      FEBRUARY 18, 2005
_____X


## PLAINTIFF'S PROPOSED JURY CHARGES

    Plaintiff, through its undersigned counsel, submits herewith his Proposed Charges to the Jury.

    Because these Proposed Charges are based on plaintiff's present understanding of the case, plaintiff reserves the right to submit additional proposed charges.

## Attorney Interviews.

An attorney has a right to interview a witness for the purpose of learning what testimony the witness will give. The fact that the witness has talked to an attorney and told him what he would testify to does not, by itself, reflect adversely on the truth of the testimony of the witness[1].

## Attorney Statements At Trial.

Arguments, statements, and remarks of counsel are intended to help you in understanding the evidence and applying the law, but are not evidence. The dollar figure suggested by plaintiff's counsel as appropriate relief in this case is only a comment on the evidence or a suggestion. Such a suggestion is not evidence and you are not bound by it[2].

---

[1] 45 U.S.C. §60. United Transportation Union et. al v. Metro-North Commuter Railroad Company, 862 F. Supp. 55 (SDNY 1994), 1995 WL 634906 (SDNY 1995); Norfolk Southern Ry. v. Thompson, 430 S.E. 2d 371 (Ga. App. 1993); Harper v. Missouri Pacific R.R. Co., 636 N.E. 2d 1192 (June 30, 1994; International Business Machines Corp. v. Edelstein, 526 F.2d 37, 41-44 (2d Cir. 1975).

[2] Philadelphia & Reading Ry. v. Sherman, 247 F.269, 271 (2d. Cir. 1917); Modave v. Long Island Jewish Medical Center, 501 F.2d 1065, 1079 (2d. Cir. 1974); Mileski v. Long Island Railroad Co., 499 F.2d 1169, 1172-74 (2d Cir. 1974); Lightfoot v. Union Carbide Corp., 110 F.3d 898, 912 (CA2 1997); Thomas v. Medco, 1998 U.S. Dist. Lexis 13158 (SDNY August 26, 1998).

## FELA Instruction.

The plaintiff Thomas Kiniry brings this action against the defendant Metro-North Railroad Company under the Federal Employers' Liability Act or FELA. That act provides in substance that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees or from any defect or deficiency, due to its negligence, in its cars, machinery, track, roadbed or work areas. The purpose "of the FELA legislation is to promote adequate recovery for negligently injured railroad workers and thereby promote safe operating conditions."[3]

## Elements.

In order to find the defendant liable to the plaintiff under the FELA statute, you must find by a preponderance of the evidence:

First, that the defendant is a railroad engaged in interstate commerce;

Second, that the plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment;

Third, that the defendant or one of its employees or agents was negligent; and

Fourth, that such negligence played a part, no matter how slight, in bringing about an injury to the plaintiff.

The first and second elements are stipulated and agreed to in this case so you need not concern yourself with them.[4]

---

[3]  Kozar v. Chesapeake and Ohio Ry. Co., 320 F. Supp. 335, 387 (WD Mich. 1970), aff'd in part and vacated in part on other grounds, 449 F.2d 1238 (6th Cir. 1971). See House Judiciary Com. Rep., H.R. Rep. No. 1386, 60th Cong., 1st Sess., 42 Cong. Rec. 4434 et seq. (1908), Sinkler v. Missouri P. R. Co., 356 U.S. 326, 329-30 (1958), and Kernan v. American Dredging Co., 355 U.S. 426, 431-33 (1958).

[4]  Federal Jury Instructions §89-2 (1993).

## Negligence.

The third element is whether the defendant or its employees or agents were negligent.

The fact that plaintiff was injured during his employment does not automatically entitle him to recover from his employer. Plaintiff can only recover from the defendant if negligence and the other elements I will describe are established by a preponderance of the evidence.[5]

## Negligence Defined.

Negligence is simply the failure to use the same degree of care which a person or ordinary prudence would use in the circumstances of a given situation. It can be the doing of something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.[6]

## Duty To Instruct And Supervise

The defendant railroad has a duty under the FELA to provide the plaintiff with a reasonably safe place to work by adequately supervising his work and by adequately instructing him as to how to perform his work[7].

---

[5]  Sand, 4 Modern Federal Jury Instructions, §89-8 (1993).

[6]  Sand, 4 Modern Federal Jury Instructions, §89-9 (1993).

[7] Lindauer v. New York Central R. Co., 408 F.2d 638, 640 (2d Cir. 1969), Erie R. Co. v. Collins, 259 F. 172, 177 (2d Cir. 1919), aff'd., 253 U.S. 77 (1920)

## Notice

The defendant Railroad has a continuing duty to exercise reasonable care to maintain such facility in a reasonably safe condition for use by its employees, which include a duty to exercise ordinary care to inspect and to discover any defect which would render such facility reasonably unsafe.

Actual notice is such notice as is proved to have been given to a party directly and personally, or such as he is presumed to have received personally because the evidence within his knowledge was sufficient to put him upon inquiry. Constructive notice is information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it[8].

## Duty To Guard Against Foreseeable Risks.

This definition of negligence requires the defendant to guard against those risks or dangers of which it knew or by the exercise of due care should have known. In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.

The fact that a similar injury may not have occurred in a particular job classification does not foreclose a finding of foreseeability.[9]

---

[8] McKee v. New York Central Railroad Co., 355 F.2d 165, 166 (6th Cir. 1966).

[9] Sand, 4 Modern Federal Jury Instructions §89-10 (1993); see Gallick v. Baltimore & Ohio Railroad Co., 372 U.S. 108 (1963).

## Foreseeable Considerations.

How do you determine whether the defendant railroad knew or, through the exercise of reasonable care, should have known of a particular risk or danger?

First, you may consider any evidence presented concerning the actual knowledge of the railroad or its foreman or other agents.

Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the railroad or its foreman or other agents, for example, through employees' statements, complaints or protests that a particular condition or assignment was dangerous.

Third, you may consider whether a reasonably prudent person would have performed inspections which would have brought the dangerous condition to the defendant's attention or otherwise would have known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints or protests or reasonable inspection, and you find that the defendant railroad failed to take such reasonable precautions, then you may find that the defendant railroad was negligent.[10]


## Duty To Provide Safe Place To Work.

Thus, the Federal Employers' Liability Act imposed on the defendant railroad a duty to the plaintiff, and to all its employees, to exercise reasonable care to provide him with a reasonably safe place in which to work, reasonably safe conditions in which to work, and reasonably safe tools and equipment.[11]

---

[10]  Sand, 4 Modern Federal Jury Instructions §89-11 (1993).

[11]  Sand, 4 Modern Federal Jury Instructions §89-13 (1993).

### Duty To Inspect.

This duty includes the responsibility to inspect the premises where the railroad's employees will be working and their equipment, and to take reasonable precautions to protect its employees from possible danger.[12]

### Continuing Duty.

The defendant railroad's duty is a "continuing duty," from which the carrier is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent.[13]

### Duty To Provide Safe Tools, Equipment, Appliances And Machinery.

The Railroad has a duty under the FELA to provide its employees with reasonably safe, suitable and adequate instrumentalities, equipment or premises. Liability may be imposed for injuries resulting from the use of defective, unsafe or inadequate tools, machinery and appliances whether the defect is due to design or lack of maintenance.[14]

### Procedures And Methods.

Similarly, you may find the defendant negligent if you find that it instructed its employees to perform tasks either with a number of employees or a procedure or method which it knew or in the exercise of reasonable care should have known, would result in injuries.[15]

---

[12]  Sand, 4 Modern Federal Jury Instructions §89-15 (1993).

[13]  Sand, 4 Modern Federal Jury Instructions, §89-16 (1993).

[14]  Shenker v. Balt. & O. R. Co., 374 U.S. 1, 10 L. Ed. 2d 709 (1963); Blair v. B & O., 323 U.S. 600 (1945); Ragsdell v. So. Pac. Transp. Co., 688 F.2d 1281 (9th Cir. 1982).

[15]  Sand, 4 Modern Federal Jury Instructions §89-18 (1993).

## Duty To Make Necessary Rules

It was the duty of the defendant railroad to make and to publish to its employees such sufficient and necessary rules and regulations and prescribe such proper and adequate procedures for them to follow as reasonable care required under the circumstances then and there existing.  In other words, the railroad has a duty to exercise reasonable care for the protection of its employees.[16]

## Duty To Warn.

When a Railroad knows of a condition in the workplace which creates a danger to an employee doing his job, ordinary care imposes a duty on the Railroad to warn that employee of the presence of that danger[17]

## Employee's Right To Assume.

An employee has the right to assume that the Railroad has taken reasonable precautions to eliminate potential hazards at the work site, and that his co-employees are observing the applicable safety rules.[18]

---

[16] Ybarra v. Burlington Northern, Inc., 689 F.2d 147, 150 n. 1 (8th Cir. 1982).

[17] Holladay v. Chicago, Burlington & Quincy R.R. Co., 255 F. Supp. 879, 884-85 (SD Iowa 1966); Bassett v. New York, C. & St. L. R. Co., 235 F. 2d 900 (3rd Cir. 1956); Erie R. Co. v. Collins, 259 F. 172 (2d Cir.), aff'd, 253 U.S. 77 (1919).

[18] Cazad v. C & O, 622 F.2d 72, 75 (4th Cir. 1980).

## **Negligence Summary.**

To summarize, if you find by a preponderance of the evidence that the defendant railroad failed to exercise reasonable care to provide the plaintiff with a reasonably safe place to work, reasonably safe conditions, tools, or equipment, or failed in any other way to exercise reasonable care in the circumstances, you may find that the defendant was negligent.[19]

## **Causation.**

Another element to be determined is whether an injury to the plaintiff resulted in whole or part from the negligence of the railroad or its employees or agents.  In other words, did such negligence play any part, <u>even the slightest</u>, in bringing about an injury to the plaintiff?

However, it is important to remember that there can be more than one cause of an injury.  The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find that the employer's negligence played any part, no matter how slight, in causing an injury to the plaintiff.[20]

---

[19] Sand, <u>4 Modern Federal Jury Instructions</u>, §89-21 (1993).

[20] Sand, <u>4 Modern Federal Jury Instructions</u> §89-22 (1993); <u>Smith</u> v. <u>National Railroad Passenger Corp.</u>, 856 F.2d 467, 469 (2d Cir. 1988).

## Contributory Negligence.

[Only if the court rules that the defendant Metro-North Railroad Company is entitled to a defense of contributory negligence].

If the plaintiff proves any one of its claims was in part a cause of his injury, then the defendant is negligent.

In addition to denying that any negligence of the defendant caused any injury or damage to the plaintiff, the defendant alleges, as a further defense, that some contributory negligence on the part of the plaintiff, himself, was a cause of any injuries and consequent damages plaintiff may have sustained. Contributory negligence is a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist.

The burden is on a defendant, alleging the defense of contributory negligence, to establish, by a preponderance of the evidence in the case, the claim that the plaintiff himself was also at fault, and that such fault contributed one of the causes of any injuries and consequent damages plaintiff may have sustained. You may not find contributory negligence on the part of the plaintiff, however, simply because he acceded to the request or direction of the responsible representatives of his employer that he work at a dangerous job, or in a dangerous place or under unsafe conditions.

If you find that the plaintiff was in some respect contributorily negligent, this finding cannot defeat his right to recover damages. If you find contributory negligence, the verdict amount will be reduced by the percentage of negligence you attribute to the plaintiff.[21]

---

[21] Taylor v. Burlington Northern R.R., 787 F.2d 1309, 1316 (9th Cir. 1986); F.J.P.I. §94.16; Almendarez v. Atchison, T. & S.F. Ry. Co., 426 F.2d 1095 (1970); Chicago, R.I. & P.R. Co. v. Powers Foundation Drilling Co., 294 F. Supp. 921, 924 (W.D. Okla. 1968).

## Lack Of Contributory Negligence

When a railroad employee is asked to assist other employees in need of help, it is part of his job to render such assistance and is not a matter of free choice on his part. Wilson v. Burlington Northern, Inc., 670 F.2d 780, 783 (8th Cir. 1982).

An employee is relieved of the imputation of contributory negligence for obeying an order of his employer which exposes him to danger, unless the danger is so obvious or glaring that no prudent person would follow the order[22].

## Damages.

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damage proved by the evidence to have resulted from the negligence of the defendant:

(a) In awarding damages, you may take into consideration any medical expenses or other costs which you find from the evidence is reasonably probable that the plaintiff will incur in the future as a result of the injuries received in this accident.

(b) In awarding damages, you may include in your verdict, a sum of money which reasonably compensates the plaintiff for any pain, suffering, mental anguish, loss of function, and inability to enjoy life's normal activities already suffered by him and proximately resulting from the injury in question.

---

[22] Gish v. CSX, 890 F.2d 989, 992-993 (7th Cir. 1989).

(c) In awarding damages, you may include in your verdict, a sum of money which will reasonably compensate the plaintiff for any pain, suffering, mental anguish, loss of function, inability to enjoy life's normal activities, and fear of the future which you find from the evidence in the case that it is reasonably probable he will suffer in the future from the same cause.

According to the U.S. National Center for Health Statistics, Vital Statistics of the U.S., Annual, the life expectancy of a 59 year old white male person is 20 years.

This fact, of which the Court takes judicial notice, is now in evidence to be considered by you in arriving at the amount of damages, if any, to be awarded, in the event you find the plaintiff is entitled to a verdict.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in our country of a given age, and that estimate is based on not a complete but only a limited record of experience. So the inference which may be drawn from the life expectancy shown by the table applies only to one who has the average health and exposure to danger of people of that age.  In considering the life expectancy of the plaintiff, you should consider, in addition to what is shown by the table of mortality, all other facts and circumstances in evidence bearing on the life expectancy of the plaintiff, including his occupation, habits and state of health.

Now, it is not necessary that any witness should have expressed an opinion as to the amount of such damages for such pain and suffering, but you, the jury, may estimate the amount of such damages, if any, by considering the facts and circumstances in evidence in light of your own knowledge and experience in the affairs of life.  The law prescribes no definite measure of pain and suffering damages but leaves such damages to be fixed by you as your discretion dictates if, after considering all the circumstances that may be just and proper, you find for the plaintiff, Thomas Kiniry, in this regard.[23]

---

[23]  L. Sand, Modern Federal Jury Instructions (Civil), Instruction 89-33 (1987); 28 F.R.D. 401, 445; 5 Am. Jur. Trials at 1023, 1026-27.

## Wrongdoer Must Take Plaintiff As He Finds Him

A plaintiff's recovery for damages caused by a defendant's wrongful act may not be proportionately reduced because of a pre-existing weakness or susceptibility to injury. Maurer v. United States, 668 F.2d 98, 100 (2d Cir. 1981); Wise v. Union Pacific Railroad Co., 815 F.2d 55, 58 (8th Cir. 1987).

In other words, it is no defense that plaintiff, by reason of his existing condition, was more susceptible to injury than would be a normal person. The wrongdoer must take his victim as he finds him[24].

## Discounting Method For Future Non-Pecuniary Damages Such As Pain, Suffering And Mental Anguish.

It is not necessary to reduce your award for future and tangible damages such as pain and suffering and mental anguish by any particular discount rate. It is sufficient if you generally take into account the time value of money without applying any precise mathematical adjustment.[25]

## Award Is Not Taxable.

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.[26]

---

[24] Douthwaite, Jury Instructions on Damages in Tort Actions §4-13 (1981). See also 1 NY PJI 2d §2:283 (1974).
[25] Oliveri v. Delta Steamship Lines, Inc., 849 F 2d 742, 751 (CA2 1988).

[26] Sand, 4 Modern Federal Jury Instructions §89-36 (1993).

FOR THE PLAINTIFF


By _____

Scott E. Perry, ct17236
CAHILL, GOETSCH and MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

## Certificate of Service

This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid to:

Robert O. Hickey, Esq.
Ryan Ryan Johnson & Deluca
80 Fourth St., P.O. Box 3057
Stamford, CT 06905

on this 18 day of february , 2005.