UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---------------------------------------------------------X

| | |
|---|---|
| THOMAS KINIRY, | CIVIL ACTION |
| Plaintiff | NO. 3:02CV01680 (JBA) |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, | |
| Defendant | FEBRUARY 24, 2005 |

---------------------------------------------------------X

### PLAINTIFF'S OBJECTIONS TO METRO-NORTH'S PROPOSED EXHIBITS

Pursuant to the Court's Joint Trial Memorandum Instructions, the plaintiff hereby submits his objections to several of Metro-North's proposed exhibits and some anticipated testimony.

**DEFENDANT'S EXHIBIT H:**

The defendant listed as Exhibit H, a confidential letter from attorney George Cahill to his client Mr. Thomas Kiniry. (A copy is attached hereto). The letter was produced over plaintiff's objection pursuant to a Ruling issued by Magistrate Judge Margolis on December 19, 2003. The plaintiff objects to admission of this letter and to any questions to Dr. Kirchner or Mr. Kiniry seeking to illicit testimony concerning the letter or its contents because it is not relevant and even if there were any relevance, any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Accordingly, the plaintiff objects to the letter and questions concerning the letter pursuant to Fed. R. Evid. 402 and 403.

The letter was sent from Attorney Cahill directly to Mr. Kiniry.  See App. B, a copy of Attorney Cahill's Affidavit.  Attorney Cahill did not send the letter to Dr. Kirchner or instruct Mr. Kiniry to show the letter to anyone at Dr. Kirchner's office.  Id.  Mr. Kiniry has a ninth grade education and he brought the letter to Dr. Kirchner's office with him because it had the doctor's address on it.  Dr. Kirchner's receptionist apparently followed her routine practice of asking patients if they had any paperwork, upon which he showed the letter to her and she made a copy of it and placed it in Mr. Kiniry's file.  As soon as plaintiff's counsel was aware Mr. Kiniry brought Attorney Cahill's privileged communications to the doctor's office, undersigned counsel notified defense counsel it would remove the letter from the doctor's file and let the Court decide whether it should be produced in discovery.

The Court should not only preclude the letter as an exhibit, it should preclude any questions directed to Dr. Kirchner or Mr. Kiniry about the letter or its contents.  The letter played no role in Dr. Kirchner's evaluation and opinions concerning Mr. Kiniry.  The letter and issues surrounding the letter, including the fact counsel removed it from Dr. Kirchner's file in an effort to preserve the attorney-client privilege should all be avoided because to the extent there is any probative value of the letter or its contents, which plaintiff expressly denies, the letter and questions about the letter will be unduly prejudicial, confuse the issues and mislead the jury.  See Fed. R. Evid. 402 and 403.

For the foregoing reasons, the Court should preclude admission of the letter into evidence and preclude Metro-North from questioning Dr. Kirchner and Mr. Kiniry about the letter or its contents.

**DEFENDANT'S EXHIBIT A**

The defendant seeks to offer the complaint into evidence. The plaintiff objects to admission of the complaint pursuant to Fed. R. Evid. 402 and 403. To the extent the defendant seeks to offer the evidence of the date the complaint was filed, the parties can stipulate to this fact or the Court can take judicial notice of the date and alleviate any need for the actual complaint to be admitted into evidence.

To the extent the defendant wants to admit evidence that predecessor railroads were once defendants, any such evidence would also confuse and mislead the jury. The plaintiff expects the Court will reduce any judgment against Metro-North by the amount of all settlements with other predecessor railroads. See Norfolk & Western Railway Co. v. Ayers, 538 U.S. 135, 144, 158 -159; 123 S. Ct. 1210, 1216, 1224 (2003). Moreover, the existence of other defendants is simply not relevant.

**DEFENDANT'S EXHIBIT E**

The plaintiff objects to the admission of Dr. Erlich's medical records pursuant to Fed. R. Evid. 402, 403 and 802. Dr. Erlich was the plaintiff's primary care physician and nothing in his reports appears to be of any relevance to the instant case. Accordingly, these records should not be admitted into evidence. Also, the records are inadmissible hearsay. See Fed. R. Evid. 802.

FOR THE PLAINTIFF

By /s/ Scott Perry
Scott E. Perry, ct17236
CAHILL, GOETSCH and MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

## Certificate of Service

    This is to certify that a copy of the foregoing was faxed and mailed, first class mail, postage prepaid to:

Robert O. Hickey, Esq.
Ryan Ryan Johnson & Deluca
80 Fourth St., P.O. Box 3057
Stamford, CT 06905

    on this 27 day of February, 2005.

_____
Scott Perry