UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS C. KINIRY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 3:02 CV 01680 (JBA) |
| | : | |
| METRO-NORTH RAILROAD COMPANY | : | |
| | : | |
| | : | |
| | : | FEBRUARY 28, 2005 |
| Defendant. | : | |

**<u>DEFENDANT METRO-NORTH RAILROAD COMPANY'S OBJECTIONS TO
PLAINTIFF'S PROPOSED LIST OF EXHIBITS</u>**

    The undersigned Defendant, Metro-North Railroad Company, ("Metro-North"), pursuant to the court's Joint Trial Memorandum Instructions, hereby submits its objections to the following exhibits proposed by the plaintiff in the Joint Trial Memorandum dated February 18, 2005.

**1. Metro-North's February 26, 2001 Hearing Conservation Program Noise Testing Results**

    Metro-North objects to plaintiff's proposed exhibit 1 on the basis that the testing results are irrelevant under FRE 401 and 403 in that they are not applicable to plaintiff's craft or where the plaintiff worked. In addition, this exhibit is hearsay pursuant to FRE 801.

**2. Portions of Metro-North's Hearing Conservation Training For Supervisory Personnel Slide Presentation**

  Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 2 without first having the opportunity to see what the plaintiff intends to introduce as evidence.

**4. Portions of Technical Report AA-2604 dated February 26, 2001**

  Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 4 without first having the opportunity to see what the plaintiff intends to introduce as evidence.

**8. June 22, 1988 Metro-North Memo From J.A. Baum to W.J. Fish and W.E. Zullig, Jr. re: Southeastern Claims Conference (2pg.) (portions redacted)**

  Metro-North objects to plaintiff's proposed exhibit number 8 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.

**10. Metro-North Equipment Noise Level Test Results dated 11/27/00 and 11/30/00**

  Metro-North objects to plaintiff's proposed exhibit number 10 on the basis that it is irrelevant under FRE 401 and 403 and any probative value is outweighed by the prejudice to defendant Metro-North.

**12. Metro-North Railroad Hearing Conservation Program April 1999 Volume 1 & 2**

  Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 12 without first having the opportunity to see more specifically what the plaintiff intends to introduce as evidence.

**15. Portions of "Noise Hazards The Investigation of Hearing Impairment Claims" dated August 1982**

  Metro-North objects to plaintiff's proposed exhibit number 15 on the basis that it is hearsay, pursuant to FRE 801 and irrelevant under FRE 401 and 403.

**16. Metro-North Hearing Conservation HESc Videotape "Sounds Good To Me"**

  Metro-North objects to plaintiff's proposed exhibit number 16 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.

**17. Metro-North Hearing Conservation HESc "Filtered Speech Tape"**

  Metro-North objects to plaintiff's proposed exhibit 17 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.

**18. Conrail's March 3, 1980 Sound Level Survey (1pg)**

  Metro-North objects to plaintiff's proposed exhibit 18 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.

**19. Conrail's M/W Equipment Sound Level Survey (2pg)**

  Metro-North objects to plaintiff's proposed exhibit 19 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.

**20. Conrail's March 17, 1981 Memorandum re: Hearing Conservation Program**

  Metro-North objects to plaintiff's proposed exhibit 20 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.

**21. Conrail's August 10, 1982 Hearing Conservation Program Update**

 Metro-North objects to plaintiff's proposed exhibit 21 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.

**22. Conrail's November 17, 1982 Hearing Conservation Program**

 Metro-North objects to plaintiff's proposed exhibit 22 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.

**23. March 17, 1981 Conrail Memo re: Hearing Conservation Program (10 pg)**

 Metro-North objects to plaintiff's proposed exhibit 23 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.

**24. November 17, 1982 Conrail Memorandum re: Hearing Conservation Program (6 pg)**

 Metro-North objects to plaintiff's proposed exhibit 24 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.

**27. Association of American Railroads Report of the Forty-Sixth Membership Meeting of the Medical Surgical Officers**

 Metro-North objects to plaintiff's proposed exhibit 27 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.

**28. 29 CFR 1910.95 as of 1983**

 Metro-North objects to plaintiff's proposed exhibit 28 on the basis that it is irrelevant and is not evidence under FRE 401 and 403.

**30. Metro-North's Computer Printout re: prior hearing loss claims in 1990's (partially redacted)**

      Metro-North objects to plaintiff's proposed exhibit 30 on the basis that it is irrelevant under FRE 401 and 403.

**Deposition/Trial Transcripts/Trial Video Testimony**

**31. Portions of Joseph Streany's 11/24/1997 Trial Testimony from Christie/Kelly v. Metro-North in Supreme Court Of The State of New York**

      Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 31 without first having the opportunity to see what the plaintiff intends to introduce as evidence. Metro-North objects to plaintiff's proposed exhibit 31 on the basis that it is hearsay under FRE 801. The plaintiff has not shown that the declarant is unavailable under FRE 804. In addition, this person is not on the plaintiff's witness list.

**32. Portions of Dr. Aram Glorig's November 7, 1994 Deposition Testimony**

      Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 32 without first having the opportunity to see what the plaintiff intends to introduce as evidence. Metro-North objects to plaintiff's proposed exhibit 32 on the basis that it is hearsay under FRE 801. Further, the plaintiff has not shown that the declarant is unavailable under FRE 804. In addition, Metro-North objects to this proposed exhibit on the basis that it is undisclosed expert testimony pursuant to FRE 26.

**33. Portions of Dr. Aram Glorig's November 18, 1997 Videotaped Deposition/Trial Testimony**

      Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 33 without first having the opportunity to see what the plaintiff intends to introduce as evidence. Metro-North objects to plaintiff's proposed exhibit 33 on the basis that it is hearsay under FRE

801. Further, the plaintiff has not shown that the declarant is unavailable under FRE 804. In addition, Metro-North objects to this proposed exhibit on the basis that it is undisclosed expert testimony pursuant to FRE 26.

**34. Deposition Tr. of Conrail's 30(b)(6) Witness: William Barringer dated April 28, 2004**

Metro-North objects to plaintiff's proposed exhibit 34 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403. In addition, the plaintiff has not shown that the declarant is unavailable under FRE 804.

**35. Portions Metro-North's 30(b)(6) Witness: Ann E. Kirsch's May 18, 2004 and September 21, 2004 Deposition Tr.**

Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 35 without first having the opportunity to see what the plaintiff intends to introduce as evidence. In addition, Metro-North objects to this proposed exhibit on the grounds that it is hearsay under FRE 801 and that the plaintiff has not shown that the declarant is unavailable under FRE 804.

**36. Portions of James Griffin's February 18, 2004 Dep. Tr.**

Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 36 without first having the opportunity to see what the plaintiff intends to introduce as evidence. In addition, Metro-North objects to this proposed exhibit on the grounds that it is hearsay under FRE 801 and that the plaintiff has not shown that the declarant is unavailable under FRE 804.

**37. Portions of Lova Borisuk's August 24, 2004 Dep. Tr.**

Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 37 without first having the opportunity to see what the plaintiff intends to introduce as evidence. In addition, Metro-North objects to this proposed exhibit on the grounds that it is hearsay under FRE 801 and that the plaintiff has not shown that the declarant is unavailable under FRE 804.

                THE DEFENDANT,
                METRO-NORTH RAILROAD COMPANY


By:_____
    Robert O. Hickey, Esq. (CT 19555)
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Juris No. 52525
    Phone No. 203-357-9200

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 28, 2005, a copy of the above was hand delivered and e-mailed to the following counsel and pro se parties of record:

Scott Perry, Esq.
Cahill, Goetsch & Maurer, PC
43 Trumbull Street
New Haven, CT 06511-1059
Attorney for Plaintiff, Thomas C. Kiniry

_____
Robert O. Hickey, Esq.

I:\Procases\205.131\objs2exhibits.wpd

- 8 -