UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---------------------------------------------X

| | |
|---|---|
| THOMAS KINIRY, | CIVIL ACTION |
| Plaintiff | NO. 3:02CV01680 (JBA) |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, | |
| Defendant | MARCH 14, 2005 |

---------------------------------------------X


## PARTIES' REVISED JOINT TRIAL MEMORANDUM[1]

**(1)   TRIAL COUNSEL**

Scott E. Perry, Esq.
George J. Cahill, Jr., Esq.
CAHILL, GOETSCH & MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut  06510
(203) 777-1000
- For the Plaintiff -


Charles A. Deluca, Esq.
Robert O. Hickey, Esq.
Susan B. Parzymieso, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth St., P.O. Box 3057
Stamford, Connecticut  06905
(203) 357-9200
- For the Defendant -

---

[1] The parties hereby withdraw their prior Joint Trial Memorandum dated February 18, 2005 and submit this Revised Joint Trial Memorandum.  Per the Court's request, the parties incorporated their objections to exhibits in this document and made additional efforts to reach agreement on evidentiary disputes.

(2) **JURISDICTION**. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

(3)   **JURY- NONJURY**  This is a jury case.

(4)   **LENGTH OF TRIAL**  The parties anticipate trial will last 3-4 days.

(5)   **FURTHER PROCEEDINGS**

A. Motion for opening argument - counsel for plaintiff and defendant hereby request permission to make an opening argument no longer than ten minutes per party.

B. Motion in limine to preclude testimony of plaintiff's expert witness, Dr. J. Cameron Kirchner under Daubert and Kumho. The plaintiff's Memorandum in opposition to defendant's motion was filed on March 14, 2005.

C. Oral argument the Court may want oral argument concerning Motions In Limine filed herewith or evidentiary objections raised prior to the pretrial conference.

(6)   **NATURE OF CASE.**
**Plaintiff's Statement:**

Pursuant to the Federal Employers' Liability Act, sometimes referred to as the FELA, 45 U.S.C. Section 51 et seq., the plaintiff brings this action for damages against the defendant Railroad for personal injuries suffered by him while in the employ of the defendant Railroad. The plaintiff claims that he suffered noise induced hearing loss and it was caused in whole or in part by the negligence of the defendant Railroad. The plaintiff claims damages for future medical expenses, as well as for past and future pain, suffering, mental anguish, and loss of enjoyment of life's activities.

The plaintiff claims that as a result of the railroad's negligence, he suffered noise induced hearing loss. The Federal Employers' Liability Act applies to railroad employees. If you have heard of workers' compensation you should understand that

railroad employees do not have workers' compensation and if they claim to have been injured as a result of their employment, they can only seek redress by bringing a claim or lawsuit under the FELA. Railroad employees are not entitled to make a workers' compensation claim. A claim brought pursuant to the FELA is not a workers' compensation case and you will be required to follow the law as I explain it to you at the end of the case.

The plaintiff claims the defendant Railroad was negligent in failing to provide him with a reasonably safe place to work, in contravention of its duties under the FELA. The defendant negligently failed to provide him with a workplace reasonably safe from exposure to foreseeable conditions that it knew or reasonably should have known pose a risk of occupational injury. The defendant negligently failed to take steps to eliminate the risk of occupational injury pertaining to his jobs, tasks and duties. The defendant failed to provide him with a reasonably safe place in which to work including but not limited to failing to furnish him with safe and suitable tools, appliances, equipment, premises, assistance, training, protective devices and procedures.

The plaintiff claims he has suffered and will suffer damages as a result of the defendant Railroad's negligence, including future medical expenses in the form of a hearing aid, mental anguish including loss of normal use of a healthy body and loss of enjoyment of life. The plaintiff seeks reasonable money damages that will compensate him for all his claimed past and future injuries and losses.

[Defendant objects to the second paragraph discussing workers' compensation. The defendant believes this is a statement of the law, rather than a description of the nature of this case.]

### **Defendant's Statement**:

The defendant Metro-North denies that the plaintiff has suffered noise-induced occupational hearing loss due to its alleged negligence. Further, the defendant submits that to the extent the plaintiff suffered hearing loss, it is not due to the negligence of this defendant. Rather, the defendant claims the plaintiff's alleged injuries were caused by his own carelessness and negligence.

To the extent that some or all of the plaintiff's medical and other expenses have been paid by, or on behalf of, the defendant, the defendant claims it is entitled to a set-off or credit in the amount of any such payment.

The defendant claims the plaintiff has failed to properly and adequately mitigate any damages he may have suffered or sustained and that the plaintiff's claims are barred by the applicable statute of limitations.

## (7) TRIAL BY MAGISTRATE JUDGE

The plaintiff does not consent to a trial by magistrate judge.

The defendant has no objection to trial by magistrate judge.

## (8) LIST OF WITNESSES BY PLAINTIFF

### A. Witnesses The Plaintiff Intends To Call

**Thomas Kiniry,**

Thomas Kiniry is expected to testify about the circumstances and events surrounding his employment with Metro-North. He will also testify about the medical treatment he received, his hearing difficulty, his mental anguish, the cost of the hearing aid he wants to get, and his loss of enjoyment of life's activities.

**Dr. J. Cameron Kirchner,** 40 Temple Street, New Haven, CT 06510.

Dr. Kirchner, the plaintiff's treating ear, nose and throat physician and retained expert, is expected to testify about his diagnosis, examinations and course of treatment for the plaintiff, as well as the plaintiff's medical history, prognosis, future medical treatment, extent of disability and causation. Dr. Kirchner is also expected to testify consistent with his expert disclosures and opinions set forth during his several days of his deposition testimony including his opinion that Mr. Kiniry needs a hearing aid as a result of his noise induced hearing loss.

**Dr. Peter Rabinowitz, Yale Occupational and Environmental Medicine Clinic, 135 College Street, 3rd Floor, Room 366, New Haven, CT  06510.**

Dr. Rabinowitz is expected to testify consistent with his expert disclosure concerning the history of noise induced occupational hearing loss and protection devices. (Most likely via <u>de bene esse</u> videotaped testimony)

**Anne Eagan Kirsch, Metro-North Assistant Safety Director, 347 Madison Avenue, New York, New York.**

Metro-North's Safety Director is expected to testify regarding Metro-North's Hearing Conservation Program, testing for occupational noise, training, education and warnings, safety rules, and the use of hearing protection.  She is also expected to testify consistent with her deposition testimony and as Metro-North's 30b6 witness concerning various topics.

**B.  Witnesses The Plaintiff May Call**

**Metro-North Claims Manager Joseph Navarra**

Mr. Navarra is expected testify about the notice the railroad had about employees' complaints and injuries concerning excessive noise, lack of hearing protection and occupational hearing loss.

**Lova Borisjuk**

Mr. Borisjuk is expected to testify consistent with his deposition testimony.

**James Griffin**

Mr. Griffin is expected to testify consistent with his deposition testimony.

**Foundation Witnesses For Various Exhibits in the event Metro-North objects to any exhibits on the basis of authenticity or foundation**.

Plaintiff reserves the right to call any witnesses identified by defendant.

Plaintiff reserves the right to call additional witnesses for purposes of rebuttal or for impeachment.

## (8) LIST OF WITNESSES BY DEFENDANT

The defendant reserves the right to call all of the witnesses listed by the plaintiff. The defendant also reserves the right to call witnesses for the purpose of impeachment or rebuttal. In addition, the defendant may call the following witnesses:

A. Dr. Joseph Sataloff, 1721 Pine Street, Philadelphia, PA 19103, has been disclosed as the defendant's expert and is expected to testify in accordance with his report which has been previously disclosed;

B. George Weber, Metro-North Crossing and Signals Department, is expected to testify regarding the facts, job responsibilities of the plaintiff and signalmen, the daily activities of signalmen, the extent of other hearing loss claims by signalmen, the exposure of signalmen to noise, and the circumstances surrounding the allegations in the complaint;

C. Bill Costello, Metro-North Crossing and Signals Department, is expected to testify regarding the facts, job responsibilities of the plaintiff and signalmen, the daily activities of signalmen, the extent of other hearing loss claims by signalmen, the exposure of signalmen to noise, and the circumstances surrounding the allegations in the complaint;

D. Dave Nichols, Metro-North Crossing and Signals Department, is expected to testify regarding the plaintiff's work experience and the facts, job responsibilities of the plaintiff and signalmen, the daily activities of signalmen, the extent of other hearing loss claims by signalmen, the exposure of signalmen to noise, and the circumstances surrounding the allegations in the complaint;

[Plaintiff objects per failure to disclose this witness during the course of discovery, however, Metro-North agreed to produce him for a deposition. In the event the deposition occurs, the plaintiff's objections are withdrawn]

E. William Mahoney, Director of Safety, Metro-North, is expected to testify regarding Metro-North's hearing conservation programs and the availability of hearing protection devices.

## (9) **PLAINTIFF'S LIST OF EXHIBITS**:

**1. Metro-North's February 26, 2001 Hearing Conservation Program Noise Testing Results.**

[Metro-North objects to plaintiff's proposed exhibit 1 on the basis that the testing results are irrelevant under FRE 401 and 403 in that they are not applicable to plaintiff's craft or where the plaintiff worked. In addition, this exhibit is hearsay pursuant to FRE 801. In addition, this technical evidence requires expert testimony to explain and interpret the data for the jury. The plaintiff has not designated such an expert.]
[Plaintiff's response: noise levels of sounds the plaintiff was exposed to are relevant. Metro-North's 30b6 witness designated to discuss all Metro-North's sound testing results acknowledged the test results set forth in this exhibit were fair and accurate measurements of sound levels for Metro-North's work locations, equipment, machinery and tasks. Kirsch Dep. Vol II p. 134.]

**2. Metro-North's Entire Hearing Conservation Training For Supervisory Personnel Slide Presentation.**

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 2 without first having the opportunity to see what the plaintiff intends to introduce as evidence.]

3. **FAQs Metro-North Hearing Conservation Program (2pg).**

4. **Portions of Technical Report AA-2604 dated February 26, 2001.**

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 4 without first having the opportunity to see what the plaintiff intends to introduce as evidence.]

5. **Hearing Conservation Supervisory Training Attendance Lists.**

6. **March 16, 2001 Raymund Burney Letters.**

7. **January 9, 1998 Metro-North Memo re: Hearing Conservation Program (W.J. Mahoney) (1pg.).**

8. **June 22, 1988 Metro-North Memo From J.A. Baum to W.J. Fish and W.E. Zullig, Jr. re: Southeastern Claims Conference (2pg.) (portions redacted).**

[Metro-North objects to plaintiff's proposed exhibit number 8 on the basis that it is or contains hearsay under FRE 801 and irrelevant under FRE 401 and 403.]

9. **Metro-North Safety Rule 9040 and 9064.**

10. **Metro-North Equipment Noise Level Test Results dated 11/27/00 and 11/30/00.**

[Metro-North objects to plaintiff's proposed exhibit number 10 on the basis that it is irrelevant under FRE 401 and 403 and any probative value is outweighed by the prejudice to defendant Metro-North.]

11. **Metro-North Hearing Conservation Program Project Planning Meeting Memo dated July 10, 1996.**

12. **Metro-North Railroad Hearing Conservation Program April 1999 Volume 1 & 2.**

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 12 without first having the opportunity to see more specifically what the plaintiff intends to introduce as evidence.]

13. **Final Draft Metro-North Railroad Hearing Conservation Program dated 3/24/00.**

**14.   Metro-North Signal Maintainer Job Description and Metro-North Medical Guidelines for Signal Maintainer.**

**15.  Portions of "Noise Hazards The Investigation of Hearing Impairment Claims" dated August 1982.**

[Metro-North objects to plaintiff's proposed exhibit number 15 on the basis that it is hearsay, pursuant to FRE 801 and irrelevant under FRE 401 and 403.]

[Plaintiff's response:  portions of this exhibit are not being offered for the truth of matter contained therein but to show notice to the defendant of the dangers of noise and the availability of hearing protection and conservation]

**16. Metro-North Hearing Conservation HESc Videotape "Sounds Good To Me"**

[Metro-North objects to plaintiff's proposed exhibit number 16 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]

**17. Metro-North Hearing Conservation HESc "Filtered Speech Tape"**

[Metro-North objects to plaintiff's proposed exhibit 17 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]

**18. Conrail's March 3, 1980 Sound Level Survey (1pg).**

[Metro-North objects to plaintiff's proposed exhibit 18 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response: evidence that Conrail began testing machinery and designing a hearing conservation program in the early 1980's is relevant to prove Metro-North was negligent in not testing sound levels or preparing a hearing conservation program until the late 1990s. *See Eggert v. Norfolk & Western Ry. Co.*, 538 F.2d 509 (2nd Cir. 1976) (reversing the trial court for failing to allow the plaintiff to admit evidence of the practice of other railroads with respect to brake guards)]

**19. Conrail's M/W Equipment Sound Level Survey (2pg).**

[Metro-North objects to plaintiff's proposed exhibit 19 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response: plaintiff expects Lova Borisjuk to testify consistent with his deposition testimony that Metro-North used Conrail equipment through the 1980s]

**20. Conrail's March 17, 1981 Memorandum re: Hearing Conservation Program.**

[Metro-North objects to plaintiff's proposed exhibit 20 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response: see response to Ex. 18 as if fully set forth herein]

**21. Conrail's August 10, 1982 Hearing Conservation Program Update.**

[Metro-North objects to plaintiff's proposed exhibit 21 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response: see response to Ex. 18 as if fully set forth herein]

10

**22. Conrail's November 17, 1982 Hearing Conservation Program.**

[Metro-North objects to plaintiff's proposed exhibit 22 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response: see response to Ex. 18 as if fully set forth herein]

**23. March 17, 1981 Conrail Memo re: Hearing Conservation Program (10 pg).**

[Metro-North objects to plaintiff's proposed exhibit 23 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response: see response to Ex. 18 as if fully set forth herein]

**24. November 17, 1982 Conrail Memorandum re: Hearing Conservation Program (6 pg).**

[Metro-North objects to plaintiff's proposed exhibit 24 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response: see response to Ex. 18 as if fully set forth herein]

**25. Mr. Kiniry's Audiogram Results from August 27, 2002 and January 18, 2005.**

**26. Stipulated Facts.**

**27. Association of American Railroads Report of the Forty-Sixth Membership Meeting of the Medical Surgical Officers.**

[Metro-North objects to plaintiff's proposed exhibit 27 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403.]
[Plaintiff's response: this exhibit is not being offered for the truth of the matters contained therein but to show notice the railroad industry had about the harmful effects of noise and ways to limit and prevent occupational hearing loss.]

**28. 29 CFR 1910.95 as of 1984.**

[Metro-North objects to plaintiff's proposed exhibit 28 on the basis that it is irrelevant and is not evidence under FRE 401 and 403]
[Plaintiff's response: Metro-North's 30b6 witness testified that Metro-North implemented a hearing conservation program to comply with OSHA. The plaintiff seeks to have the Court take judicial notice that OSHA was in effect as of 1984.]

**29. Metro-North's 10/21/99 Audiogram of plaintiff.**

**30. Metro-North's Computer Printout of Prior Occupational Hearing Loss Claims (Partially Redacted)**

11

[Metro-North objects to plaintiff's proposed exhibit 30 on the basis that it is irrelevant under FRE 401 and 403.]

**Deposition/Trial Transcripts/Trial Video Testimony**

**31. Portions of Joseph Streany's 11/24/1997 Trial Testimony from Christie/Kelly v. Metro-North in Supreme Court Of The State of New York.  (p3- p7 L23; p8 L14-L23; p22 L20- p23 L6; p23 L24 - p25 L17)**

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 31 without first having the opportunity to see what the plaintiff intends to introduce as evidence.  Metro-north objects to plaintiff's proposed exhibit 31 on the basis that it is hearsay under FRE 801.  The plaintiff has not shown that the declarant is unavailable under FRE 804.  In addition, this person is not on the plaintiff's witness list.]

[Plaintiff's response:  these portions of Mr. Streany's trial testimony are being offered as admissions of a party-opponent pursuant to Fed. R. Evid. 801(d)(2)(D).  This transcript was provided to Metro-North almost two years ago.]

**32.  Portions of Dr. Aram Glorig's November 7, 1994 Deposition Testimony.**

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 32 without first having the opportunity to see what the plaintiff intends to introduce as evidence.  Metro-North objects to plaintiff's proposed exhibit 32 on the basis that it is hearsay under FRE 801.  Further, the plaintiff has not shown that the declarant is unavailable under FRE 804.  In addition, Metro-North objects to this proposed exhibit on the basis that it is undisclosed expert testimony pursuant to FRE 26.]

[Plaintiff's response: Dr. Glorig is deceased and Metro-North's counsel was present at the deposition and had ample opportunity to object and question Dr. Glorig.]

**33. Portions of Dr. Aram Glorig's November 18, 1997 Videotaped Deposition/Trial Testimony. (From 4:38 pm to 5:21 p.m)**

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 33 without first having the opportunity to see what the plaintiff intends to introduce as evidence.  Metro-North objects to plaintiff's proposed exhibit 33 on the basis that it is hearsay under FRE 801.  Further, the plaintiff has not shown that the declarant is unavailable under FRE 804.  In addition, Metro-North objects to this proposed exhibit on the basis that it is undisclosed expert testimony pursuant to FRE 26.]

[Plaintiff's response: Dr. Glorig is deceased and Metro-North's counsel was present at the videotaped trial testimony and had ample opportunity to object and question Dr. Glorig.]

**34. Deposition Tr. of Conrail's 30(b)(6) Witness: William Barringer dated April 28, 2004.**

[Metro-North objects to plaintiff's proposed exhibit 34 on the basis that it is hearsay under FRE 801 and irrelevant under FRE 401 and 403. In addition, the plaintiff has not shown that the declarant is unavailable under FRE 804.]

[Plaintiff's response: William Barringer lives in Pennsylvania and is beyond this Court's subpoena power. Metro-North's attorney attended the 30b6 telephonic deposition and had ample opportunity to examine Mr. Barringer and preserve any objections.]

**35. Portions Metro-North's 30(b)(6) Witness: Ann E. Kirsch's May 18, 2004 and September 21, 2004 Deposition Tr.**

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 35 without first having the opportunity to see what the plaintiff intends to introduce as evidence. In addition, Metro-North objects to this proposed exhibit on the grounds that it is hearsay under FRE 801 and that the plaintiff has not shown that the declarant is unavailable under FRE 804.]

**36. Portions of James Griffin's February 18, 2004 Dep. Tr.**

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 36 without first having the opportunity to see what the plaintiff intends to introduce as evidence. In addition, Metro-North objects to this proposed exhibit on the grounds that it is hearsay under FRE 801 and that the plaintiff has not shown that the declarant is unavailable under FRE 804.]

**37. Portions of Lova Borisuk's August 24, 2004 Dep. Tr.**

[Metro-North does not waive any objection with respect to plaintiff's proposed exhibit 37 without first having the opportunity to see what the plaintiff intends to introduce as evidence. In addition, Metro-North objects to this proposed exhibit on the grounds that it is hearsay under FRE 801 and that the plaintiff has not shown that the declarant is unavailable under FRE 804.]

**38. Dr. Peter Rabinowitz's <u>de bene esse</u> videotaped trial testimony.**

**39. Portions of Dr. John Herrlin's January 21, 1992 Deposition Transcript in <u>May v. Metro-North</u> (p. 4 L8-12; p4 L21-p5 L20; p7L13-L25; p 10 L12-p15 L23; p17 L11-15)**

[Metro-North does not waive any objection with respect to this exhibit on plaintiff's amended exhibit list without first having the opportunity to see what the plaintiff intends to introduce as evidence. Metro-North objects to this exhibit on plaintiff's amended exhibit list on the basis that it is hearsay under FRE 801. The plaintiff has not shown that the declarant is unavailable under FRE 804. In addition, this person is not on the plaintiff's witness list.]

[Plaintiff's response: these portions of Mr. Herrlin's deposition testimony are being offered as admissions of a party-opponent pursuant to Fed. R. Evid. 801(d)(2)(D). This transcript was provided to Metro-North almost two years ago.]

**40. Diagram of a human ear / inner ear (for ID only)**

*Plaintiff reserves the right to introduce any exhibits identified by defendant, and reserves the right to use additional exhibits for purposes of rebuttal or impeachment.*

**LIST OF EXHIBITS BY DEFENDANT**

The defendant reserves the right to introduce all the exhibits listed by the plaintiff. The defendant also reserves the right to introduce exhibits for impeachment or rebuttal. In addition, the defendant may introduce the following exhibits:

**A. Plaintiff's September 19, 2002 FELA Complaint;**

(plaintiff objects per F.R.E. 402 and 403 to admitting the complaint - see Plaintiff's

   Objections to Metro-North's Proposed Exhibits dated February 24, 2005)

**B. Plaintiff's Metro-North personnel file or portions thereof;**

(plaintiff objects per 802 and depending on which sections are offered may also object

   per 402 and 403)

**C. Plaintiff's Metro-North Medical Department file, or portions thereof;**

(plaintiff objects per 802 and depending on which sections are offered may also object

   per 402 and 403)

**D. Metro-North Job Description Sheet, Signal Maintainer;**

**E. Dr. Erlich's medical records concerning the plaintiff, or portions thereof;**

(plaintiff objects per 402, 403 and 802)

**F. Plaintiff's Interrogatory responses;**

(plaintiff reserves his right to object per 402 and 403 depending on which responses are

   offered)

15

**G. Metro-North Rulebook, or portions thereof;**

(plaintiff reserves his right to object per 402 and 403 depending on which portions are offered)

**H. August 2, 2002 letter from Attorney Cahill to Plaintiff;**

(plaintiff objects per F.R.E. 402 and 403 - see plaintiff's Objections to Metro-North's Proposed Exhibits dated February 24, 2005)

(Metro-North will file a detailed response to plaintiff's February 22, 2005 objection to this proposed exhibi)

**I. Plaintiff's military records, or portions thereof.**

(depending on which portions are offered plaintiff may object per 402 and 403)

The defendant objects to the plaintiff's proposed exhibits to the extent they are or contain hearsay, are irrelevant or immaterial, that they are not authentic copies of what they purport to be, and/or they lack foundation.  The defendant expressly reserves all evidentiary objections to the plaintiff's proposed exhibits.

The defendant objects to the plaintiff's proposed exhibit number 29, 29 CFR 1910.95, concerning OSHA noise level exposure guidelines.  The introduction of such evidence is admissible only for the limited purpose of showing the duty of care owed by the defendant to the plaintiff, but only in connection with all of the evidence in the case.  Such evidence may not be used to establish negligence as a matter of law.  <u>Robertson v. Burlington Northern Railroad Co.</u>, 32 F.3d 408 (9th Cir. 1994).

**(10) <u>STIPULATIONS OF FACT AND LAW</u>.**
    **(b) Jury Trial**
    1.  The defendant Metro-North Railroad Company is a railroad having a usual place of business in New Haven, Connecticut.

2. The defendant is a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

3. At all relevant times, the defendant Metro-North Railroad was engaged in interstate commerce and the plaintiff Thomas Kiniry was employed in furtherance of said commerce.

4. The life expectancy of a 59 year old white male is 20 years.

### (10)(b)(1) VOIR DIRE QUESTIONS.

Plaintiff's Proposed Voir Dire Questions were filed on February 18, 2005.

Defendant's Proposed Voir Dire Questions are being sent via separate filing.

### (10)(b)(2) PROPOSED JURY INSTRUCTIONS

Plaintiff's Proposed Jury Instructions are attached hereto.

Defendant's Proposed Jury Instructions were filed on February 18.

### (10)(b)(3) PROPOSED VERDICT FORM

Plaintiff's Proposed Verdict Form was filed on February 18.

Defendant's Proposed Verdict Form was filed on February 18.

### (11) OBJECTIONS

See Parties' Respective Jury Charge.

FOR THE PLAINTIFF,

BY _____
Scott E. Perry, Esquire
CAHILL, GOETSCH & MAURER P.C.
43 Trumbull Street
New Haven, Connecticut  06511
(203) 777-1000   [ct 17236]

Received at: 11:18AM, 3/14/2005

03-14-2005  12:37PM  FROM-RYAN RYAN                     2033577915           T-629  P.001/001  F-234

FOR THE DEFENDANT,

BY _____
Robert O. Hickey, Esq.
Ryan Ryan Johnson & Deluca
80 Fourth St., P.O. Box 3057
Stamford, CT 06905
203-357-9200 [ct 19555]