UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---------------------------------------------------------X

| | |
|---|---|
| THOMAS KINIRY, | CIVIL ACTION |
| Plaintiff | NO. 3:02CV01680 (JBA) |
| VS. | |
| METRO-NORTH RAILROAD COMPANY, | |
| Defendant | APRIL 22, 2005 |

---------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO METRO-NORTH'S MOTION FOR APPORTIONMENT**

In the instant case, Metro-North seeks to have the jury apportion fault between Metro-North, Conolidated Rail Corporation (Conrail) and Penn Central (the plaintiff previously settled with Conrail and Penn Central). This issue was addressed and is controlled by the Supreme Court's decision *Norfolk & Western Railway Co. v. Ayers*, 538 U.S. 135, 144, 158 -159; 123 S. Ct. 1210, 1216, 1224 (2003), and Metro-North is not entitled to a jury apportionment charge.

The Supreme Court has made it clear that in an FELA case, a railroad defendant is not entitled to apportionment. *See Id.* Based on *Ayers*, the plaintiff in this case seeks a jury charge that states "If you award damages, you are not to make a reduction for contribution of non-Metro-North noise exposures so long as you find that Metro-North was negligent and that noise exposure from Metro-North contributed, however slightly,

to the plaintiff's hearing loss." Plaintiff's Amended Proposed Jury Charge dated March 14, 2005.

In *Ayers*, Norfolk asked the trial court to charge the jury that they can apportion damages between Norfolk and other employers alleged to have contributed to the asbestosis claimant's disease. *Id.* at 273. One employee was only exposed to asbestos for three months at Norfolk and 33 years elsewhere as a pipe fitter. The trial court charged the jury "not to make a deduction for the contribution of non-railroad exposures,' so long as it found that Norfolk was negligent and that 'dust exposures at [Norfolk] contributed however slightly to the plaintiff's injuries." *Id.* at 273, 144, 1216. This was upheld by the Supreme Court.

*Ayers* also addressed what should be done when other defendants settled with a FELA plaintiff. "The second issue concerns the extent of the railroad's liability when third parties not before the court -- for example, prior or subsequent employers or asbestos manufacturers or suppliers - - may have contributed to the worker's injury." Id. at 140, 1214. In regard to the this issue, the Court stated "we similarly decline to write new law by requiring an initial apportionment of damages among potential tortfeasors. The FELA's express terms, reinforced by consistent judicial applications of the Act, allow a worker to recover his entire damages from a railroad whose negligence jointly caused an injury . . . thus placing on the railroad the burden of seeking contribution from other tortfeasors." Id. 141, 1215. "Under the FELA, an employee who suffers an "injury" caused in whole or in part by a railroad's negligence may recover his or her full damages from the railroad regardless of whether the injury was also caused in part by the actions of a third party." (quotation marks omitted) *Id.* at 165, 287, 1228.

2

Metro-North contends *Ayers* is distinguishable from the instant case because defendant Norfolk "did not seek apportionment for plaintiff's settlements with third parties and instead opted for a dollar for dollar offset." Def. Mot. In Limine.  This is not an accurate statement.  In *Ayers*, Norfolk explicitly sought an apportionment charge that would limit the plaintiff's recovery to only damages caused by the Railroad defendant. *Ayers* n. 5 at 144, 273, 1216.  Post trial, the Court reduced the verdicts by the claimants' comparative negligence and by the amount of prior settlements. *Id*.  In the event the jury in the instant case finds any contributory negligence, this Court should simply follow the trial court's actions in *Ayers*, as affirmed by the Supreme Court.

The Supreme Court, in describing Norfolk's efforts to have the jury apportion damages, stated:

> Essentially, then, Norfolk asks us to narrow employer liability without a textual warrant.  Reining in employer liability as Norfolk proposes, however, is both unprovided for by the language of the FELA and inconsistent with the Act's overall recovery facilitating thrust.  Accordingly, we find Norfolk's plea an untenable reading of congressional silence.

Id. 161, 284, 1225.  Metro-North asks this Court to make the same untenable reading of congressional silence.

The Supreme Court noted "Norfolk's view also runs counter to a century of FELA jurisprudence.  No FELA decision made by this Court so much as hints that the statute mandates apportionment of damages among potentially liable tortfeasors." *Id*.  Metro-North's view also runs counter to a century of FELA jurisprudence.

Metro-North had every right to make a cross claim against Conrail or Penn Central but chose for tactical reasons not to claim that other railroads caused the plaintiff's hearing loss. *See* Fed. R. Civ. P. 13(g).

*Ayers* is controlling and clearly stands for the proposition that a non-settling defendant is not entitled to an apportionment charge in an FELA case and that the Court should post-trial simply reduce a verdict by the amount of prior settlements. *See also Schadel v. Iowa Interstate R.R. Ltd.*, 381 F.3d 671, 678 (7th Cir. 2004) (holding that in an FELA case the trial court properly reduced the verdict by the amount of prior settlements).

FOR THE PLAINTIFF

By /s/ Scott Perry
Scott E. Perry, ct17236
CAHILL, GOETSCH and MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

## Certificate of Service

    This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid to:

Robert O. Hickey, Esq.
Ryan Ryan Johnson & Deluca
80 Fourth St., P.O. Box 3057
Stamford, CT 06905

    on this 22nd day of April, 2005.

_____
Scott E. Perry