UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS C. KINIRY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 3:02 CV 01680 (JBA) |
| | : | |
| METRO-NORTH RAILROAD COMPANY, | : | |
| | : | |
| | : | |
| Defendants. | : | APRIL 21, 2005 |

**<u>DEFENDANT'S MOTION IN LIMINE REGARDING APPORTIONMENT OF
DAMAGES TO PREVIOUSLY SETTLED PARTIES</u>**

The undersigned Defendant, Metro-North Railroad Company ("Metro-North"), hereby

moves this court to permit the jury, in the event it awards the plaintiff damages, to reduce the

damages award against Metro-North by the proportionate share of liability attributable to the

settling parties.

In this case, the plaintiff had initially filed a claim against Metro-North, Consolidated

Rail Corporation ("Conrail") and American Financial Group, Inc., f/k/a American Premier

Underwriters, Inc., f/k/a Penn Central Corporation ("Penn Central").  In July, 2004, the plaintiff

settled with defendants Conrail and Penn Central, for $2,142.84, leaving Metro-North as the sole

nonsettling defendant.  Metro-North's interests were not represented in the plaintiff's settlement

negotiations and therefore, it should not be required to bear the burden of any liability that may

properly belong to the settling defendants, Conrail and Penn Central. Following the Supreme

Court holding in <u>McDermott v. AmClyde</u>, 511 U.S. 202 (1994), Metro-North should be

permitted to reduce any jury verdict awarding damages to the plaintiff by a proportionate share of

liability attributed to the conduct of settled defendants Conrail and Penn Central.

In FELA cases where the plaintiff has settled with one or more defendants and continued

to trial against a remaining defendant, the Supreme Court has held that it is proper for the jury to

determine the settling party's proportionate share of responsibility for the plaintiff's damages and

reduce the damages owed by the remaining defendant proportionally. <u>See</u> <u>McDermott, Inc. v.</u>

<u>AmClyde</u>, 511 U.S. 202, 202 (1994)[1]. In <u>McDermott</u>, the Supreme Court developed the

"proportionate share rule," holding that each defendant should only pay its proportionate share of

damages, and that a plaintiff's total damage award must be reduced by the percentage of liability

attributable to the settled parties. <u>Id.</u>

In <u>McDermott</u>, the plaintiff sued several defendants to recover damages from a

malfunctioning crane. The malfunction may have been caused by the plaintiff's negligence,

---

[1]    Although <u>McDermott</u> is an admiralty/maritime tort claim, its holding should be applicable in FELA cases as well. <u>See</u> <u>Great Lakes Dredge & Dock v. Robert Walt Miller</u>, 92 F.3d 1102 (11th Cir. 1996) (holding that the <u>McDermott</u> rule is applicable in Jones Act cases, 46 U.S.C. § 688, which are based on FELA substantive law).

negligent design by the manufacturer, a defective hook supplied by a second defendant, or one of three companies that supplied the supporting steel slings.  See id. at 205.  Prior to trial, the plaintiff settled with the three defendant responsible for the supporting steel slings.

The plaintiff in McDermott sought to have the damage award reduced by the amount of the settlements, not by the proportionate share of each defendants' liability.  The Supreme Court, in determining the appropriate way to calculate how the settlement with less than all of the defendants should affect the liability of the non-settling defendants, performed a detailed analysis of three possible ways to credit a nonsettling defendant for the liability of the settling defendants.  Relying on the  the Restatement (Second) of Torts § 886A, the Court, in a unanimous opinion, held that the proper approach is to reduce the plaintiff's award by the proportionate share of liability attributable to the settling defendants.  This is because when the plaintiff has settled with less than all of the defendants, "the plaintiff's recovery against the settling defendant has been limited not by outside forces, but by its own agreement to settle.  There is no reason to allocate any shortfall to the other defendants, who were not parties to the settlement."  Id. at 217.  "[U]nlike the pro tanto rule [which offsets the plaintiff's recovery by the dollar amount of the settlement], [the proportionate share rule] does not make a litigating defendant's liability dependent on the amount of a settlement negotiated by others without regard to its interests."  Id.

at 220.  In conclusion, the Court held that "[j]ust as the other defendants are not entitled to a reduction in liability when the plaintiff negotiates a generous settlement, . . . so they are not required to shoulder disproportionate liability when the plaintiff negotiates a meager one."  Id. at 221 (internal citations omitted).

"[Although] McDermott arose as an admiralty case, the central question the Supreme Court addressed did not involve uncommon issues or arcane concepts grounded on matters unique to maritime actions.  Rather, the actual dispute entailed general principles of common law tort."  Banks v. Yokemick, 177 F.Supp.2d 239, 257 (S.D.N.Y. 2001) (examining the proportionate share rule found in McDermott, but not extending it to §1983 cases, where, by statute, it is obliged to look to state law rather than federal common law).  As such, its holding has been applied in numerous other areas of the law, not just maritime law, and has been considered "a now prominent bough in the branching of federal common law" which "cannot be ignored or lightly dismissed."  Id. (citing to Bragger v. Trinity Capital Enterp. Corp. 30 F.3d 14 (2d Cir. 1994) (citing to McDermott in reversing the district court's ruling that required any judgment against defendant to be reduced on a *pro tanto* basis in a securities fraud action)); see also Cortec Indus., Inc. v. Sum Holding, L.P., 1994 WL 722708 (S.D.N.Y. Dec. 30, 1994) (securities case); Gravatt v. City of New York, 73 F. Supp.2d 438, 440-41 (S.D.N.Y. 1999),

rev'd on other grounds, 226 F.3d 108 (2d Cir. 2000), cert denied 532 U.S. 957 (applying

McDermott to claim under state Labor Law and the Longshore and Harbor Workers'

Compensation Act).

One recent Seventh Circuit case rejected the McDermott proportionate share rule in an

FELA case.  See Schadel v. Iowa Interstate R.R. Ltd., 381 F.3d 671 (7th Cir. 2004). In Schadel,

the railroad defendant asked the court to apply the proportionate share rule and reduce the

plaintiff's recoverable damages by the proportion of liability shared by all defendants, including

the previously settled parties.   The court, in affirming the district court's decision, held that the

pro tanto approach should apply and that the jury verdict should be reduced by the actual dollar

amount of the settlement.  In so holding, the court relied upon the Supreme Court opinions in

Edmonds v. Compagnie Generale Translantique, 443 U.S. 256 (1979), and Norfolk & Western

Ry. Co. v. Ayers, 538 U.S. 135 (2003).

The Edmonds case dealt with the apportionment of a judgment among multiple

defendants where there were no previously settled defendants. The Supreme Court in McDermott

distinguished the Edmonds decision, stating that it "merely reaffirm[s] the well-established

principle of joint and several liability."  McDermott, 511 U.S. at 220.  The Court continued,

finding that "[j]oint and several liability applies when there has been a judgment against multiple

defendants." Id. at 220-21. "Unlike the rule in Edmonds, the proportionate share rule announced in [McDermott] applies when there has been a settlement." Id. at 221. In this case, as in McDermott, joint and severable liability cannot apply to Metro-North because it is the only remaining defendant. Therefore, the proportionate share rule of McDermott applies and Metro-North should be entitled to offset any damage awarded to the plaintiff by the proportion of liability attributable to Conrail and Penn Central.

The Supreme Court opinion in Ayers that the Seventh Circuit relied upon in Schadel can also be distinguished from this case. In Ayers, although the plaintiffs had settled with other defendants, the railroad defendant did not seek apportionment for plaintiffs' settlements with third parties and instead opted for a dollar for dollar offset. Ayers, 538 U.S. at 144. The issue on appeal was not whether the proportionate share rule should be applied to the settling defendants, but rather, whether the railroad could apportion damages to non-parties for their contribution to the plaintiffs' injuries.

The Second Circuit has not yet addressed the issue of whether to reduce a plaintiff's damage award by the proportionate share of a settling defendant's liability. The Seventh Circuit opinion in Schadel is inconsistent with the uniform federal common law rules and should not be followed in this case. To the extent that the Seventh Circuit opinion in Schadel relies on Ayers

and Edmonds, it is not applicable to this case because in Ayers, the railroad defendant asked for a dollar for dollar setoff and this issue was not addressed on appeal, and in Edmonds, there was a judgment against multiple defendants with no previously settled defendants.

Therefore, Metro-North moves this court to apply the proportionate share rule of McDermott to any damages awarded to the plaintiff by the jury, and deduct from any such award the proportionate share of liability that the jury finds attributable to the previously settled defendants, Conrail and Penn Central.

THE DEFENDANT,
METRO-NORTH RAILROAD COMPANY

By:_____

Susan B. Parzymieso, Esq., (CT 25301)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT   06905
Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2005, a copy of the above was mailed to the following

counsel and pro se parties of record:

Scott Perry, Esq.
Cahill, Goetsch & Maurer, PC
43 Trumbull Street
New Haven, CT 06511-1059
Attorney for Plaintiff, Thomas C. Kiniry

_____
Susan B. Parzymieso, Esq.

I:\Procases\205.131\memoapportionment.wpd
205.131

- 8 -