UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

THOMAS KINIRY,                              CIVIL ACTION

    Plaintiff                               NO. 3:02CV01680 (JBA)

VS.


METRO-NORTH RAILROAD COMPANY,

    Defendant                               MAY 24, 2005
_____X

## PLAINTIFF'S BENCH MEMORANDUM REGARDING CONTRIBUTORY NEGLIGENCE

    The Federal Employers' Liability Act (FELA) provides that an FELA plaintiff "shall not be held to have assumed the risks of his employment in any case where such injury or death resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 54. In other words, assumption of risk is not a defense available to a defendant railroad in an FELA case.

    Contributory negligence is a possible defense in an FELA case, but the defendant railroad has the burden of proving some lack of due care by the plaintiff. It is well-settled that "If the defendant fails, however, to produce evidence of the plaintiff's lack of due care, then it is reversible error to give the instruction." Birchem v. Burlington Northern R. Co., 812 F.2d 1047, 1049 (8th Cir. 1987) [citing to cases]. Significantly, a railroad cannot rely solely on the credibility of the plaintiff's testimony to establish contributory negligence, but must produce independent evidence of the plaintiff's lack of due care to be entitled to a contributory negligence

instruction. Borough v. Duluth, M. & I.R. Ry., 762 F.2d 66, 69 (8th Cir. 1985).

It is imperative during an FELA trial that a railroad's claim of contributory negligence not be confused with the plaintiff's assumption of the risks of his employment. The Ninth Circuit has drawn the distinction between the two common law doctrines within the context of the FELA:

> Although there is some overlap between assumption of risk and contributory negligence, generally the two defenses are not interchangeable. At common law an employee's voluntary, knowledgeable acceptance of a dangerous condition that is necessary for him to perform his duties constitutes an assumption of risk. Contributory negligence, in contrast, is a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist. Defenses once embraced substantially within the concept of assumption of risk are barred under the FELA and may not be revived in the form of contributory negligence. Where an act of alleged contributory negligence is but the practical counterpart of assumption of risk, it does not constitute a defense.

Taylor v. Burlington N.R.R., 787 F.2d 1309, 1316 (9th Cir. 1986) (citations omitted). Thus, unless the Railroad can independently prove some act or omission by the plaintiff which added new dangers to the hazardous conditions and situations created by the Railroad, the Railroad is not entitled to a contributory negligence instruction. And if the Railroad's allegation of contributory negligence is but the practical counterpart of the hazardous condition, then it can not constitute a defense.

The hazardous condition or risk created and maintained by Metro-North is excessive noise in the workplace of employees such as the plaintiff Thomas Kiniry. For Mr. Kiniry to perform his railroad work it was necessary for him to be at worksites with excessive levels of noise. The fact that he worked at such sites is an assumption of risk and under the FELA Metro-North cannot use that fact as a defense.

2

Moreover, Kiniry did not perform any careless act or omission that added new dangers to the noisy conditions Metro-North negligently created or permitted to exist. Metro-North passed out earplugs in 1993, but the evidence confirms that Kiniry's Metro-North supervisor did not want or allow his employees to wear ear plugs while working. The evidence confirms that Metro-North did not allow signalmen to wear earplugs at their work sites. Metro-North's own failure to provide its signalman with hearing protection that was appropriate and useable for their railroad job is not Kiniry's fault. Metro-North's negligence cannot be mislabeled as "contributory negligence" and used against the plaintiff. Metro-North cannot blame Kiniry for not wearing ear plugs that his Metro-North supervisor did not allow him to wear and that were not appropriate for his work environment.

Accordingly, as a matter of law Metro-North is not entitled to a defense of contributory negligence.

RESPECTFULLY SUBMITTED

FOR THE PLAINTIFF,

BY_____
   Scott E. Perry (ct17236)
   CAHILL, GOETSCH, & MAURER, P.C.
   43 Trumbull Street
   New Haven, Connecticut  06510
   (203) 777-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing hand-delivered on this 24th day of May, 2005 to Charles A. Deluca, Esq., Ryan, Ryan, Johnson & Deluca, LLP, 80 Fourth Street, P.O. Box 3057, Stamford, Connecticut 06905.

_____

Scott E. Perry