**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **Thomas Kiniry,** | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : **CIVIL NO. 3:02cv1680 (JBA)** |
| | : |
| **Metro-North Railroad Company** | : |
| **Defendant.** | : |

**JURY INSTRUCTIONS**

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 1

ROLE OF THE JURY . . . . . . . . . . . . . . . . . . . . . 3

ROLE OF ATTORNEYS . . . . . . . . . . . . . . . . . . . . . 4

EQUAL STANDING . . . . . . . . . . . . . . . . . . . . . . 5

WHAT IS AND IS NOT EVIDENCE . . . . . . . . . . . . . . . . 6

DEPOSITIONS . . . . . . . . . . . . . . . . . . . . . . . . 8

WITNESS CREDIBILITY – GENERAL . . . . . . . . . . . . . . . 9

IMPEACHMENT OF WITNESSES . . . . . . . . . . . . . . . . . 11

EXPERT WITNESSES . . . . . . . . . . . . . . . . . . . . . 12

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . 14

INFERENCE DEFINED . . . . . . . . . . . . . . . . . . . . . 15

BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE . . . . . . 16

PLAINTIFF'S CLAIM UNDER THE FEDERAL EMPLOYERS' LIABILITY ACT 18

FIRST ELEMENT: RAILROAD ENGAGED IN INTERSTATE COMMERCE . . . 19

SECOND ELEMENT: EMPLOYEE . . . . . . . . . . . . . . . . . 20

THIRD ELEMENT: NEGLIGENCE . . . . . . . . . . . . . . . . . 21

FORESEEABILITY CONSIDERATIONS . . . . . . . . . . . . . . . 22

DUTY TO PROVIDE REASONABLY SAFE PLACE TO WORK . . . . . . . 24

FOURTH ELEMENT: CAUSATION . . . . . . . . . . . . . . . . . 26

AFFIRMATIVE DEFENSE: CONTRIBUTORY NEGLIGENCE . . . . . . . 27

SAME STANDARDS . . . . . . . . . . . . . . . . . . . . . . 28

DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . 30

FUTURE DAMAGES . . . . . . . . . . . . . . . . . . . . . . 32

AWARD IS NOT TAXABLE . . . . . . . . . . . . . . . . . . . 34

NOTE TAKING . . . . . . . . . . . . . . . . . . . . . . . . 35

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 36

EXPLANATION OF VERDICT FORM . . . . . . . . . . . . . . . . 38

## <u>INTRODUCTION</u>

You have now heard all of the evidence in the case.  I shall now instruct you concerning the law applicable to this case. After that, you will hear the arguments of counsel and then you will return to the jury room to deliberate in accordance with these instructions.

You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the court.  It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

In deciding the facts, you must not be swayed by bias or prejudice for or against any party.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

You must not be swayed by your own personal views or opinions on any of the issues raised in this trial.

You are not to be swayed by sympathy.  You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach an impartial verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide should be drawn from the facts you determine, and you weigh the evidence.

No one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. You may review your notes for this purpose, but your notes are for your use only and not to be read or used by others.

## ROLE OF ATTORNEYS

Our courts operate under an adversary system in which we hope that the truth will emerge through the competing presentations of adverse parties.  It is the role of the attorneys to press as hard as they can for their respective positions.  In fulfilling that role, they have not only the right, but the obligation to make objections to the introduction of evidence they feel is improper.  The application of the rules of evidence is not always clear, and lawyers often disagree.  It has been my job as the judge to resolve these disputes.  It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case, and are not to be considered as points scored for one side or the other.

Similarly, one cannot help becoming involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest among attorneys.  You are to decide this case solely on the basis of the evidence.  Remember, statements and characterizations of the evidence by the attorneys are not evidence.  Insofar as you find their closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that counts.

## EQUAL STANDING

You must consider and determine this case as litigation between persons of equal standing in the community.  You should not be influenced or affected by the fact that the defendant is a railroad or a corporation, nor should you be in any way influenced by any thoughts or ideas you may have as to the financial standing of any party to this litigation.  This case is to be considered and determined by you in the same unbiased way as you should consider and determine a case between two private individuals.

WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

It is the witnesses' answers that are evidence.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness agreed with it, you may find those facts to be true, but you may not consider it to be true simply because it was in the lawyer's question.  As a simple example, if a lawyer asks a witness if a certain car was red, and the witness says yes, that is evidence that the car was red.  If the witness says no, that is evidence that the car was not red.  If the witness says he or she does not know, then there is no evidence in the record as to what color the car was.

Testimony that has been excluded by the court is also not evidence and may not be considered by you in rendering your verdict.

Arguments by lawyers are not evidence because the lawyers are not witnesses.  What they will say to you in their closing statements is intended to help you understand the evidence from their viewpoint in reaching your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

Moreover, what I may have said during the trial or what I

may convey in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

## DEPOSITIONS

Some of the testimony before you is in the form of depositions which have been received in evidence. Deposition testimony may be received into evidence at trial if, for example, the witness is unavailable for trial or the statement is being offered as an admission by a party opponent, and may also be used as impeachment as to a testifying witness.

A deposition is a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

## WITNESS CREDIBILITY - GENERAL

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor - that is, his or her carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your every day life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should also consider

9

the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of his or her testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment and your own life experience.

## IMPEACHMENT OF WITNESSES

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  You may find an apparent inconsistency justified or unjustified.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

EXPERT WITNESSES

In this case, Drs. Kirshner and Sataloff were permitted to express their opinions about the nature and causation of Mr. Kiniry's hearing loss.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because the witness was permitted to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

The testimony of these two expert witnesses is in conflict as to whether the plaintiff has suffered noise-induced hearing loss.  They disagree.  Since their testimony relates to a question of fact, it is your job to resolve the disagreement if

12

you can.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, since they have given you their opinions, you should consider the soundness of each opinion, reasons for the opinion and the witness' motive, if any, for testifying.

You may reject the testimony of any expert witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testified about something he or she knows by virtue of his or her own senses - something he or she has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact through proof of other facts. You infer a fact from other facts using your reason and experience and common sense. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all the evidence presented.

<u>INFERENCE DEFINED</u>

Attorneys use the term "inference" and in their arguments they may ask you to infer, on the basis of your reason, experience and common sense, from established facts, that some other fact exists.  An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from the same facts.  The plaintiff asks you to draw one set of inferences, while the defendants ask you to draw another.  It is for you, and you alone, to decide what inferences, if any, you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted - but not required - to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.  However, no inference may be drawn from the mere fact that the plaintiff has filed this lawsuit.

<u>BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE</u>

The plaintiff, Thomas Kiniry, has the burden of proving each element of his claims by a preponderance of the evidence. I will shortly be instructing on what those elements are. If you find that any one of the elements of his claim have not been proved by a preponderance of the evidence, you must return a verdict in favor of the defendant, Metro-North Railroad Company. The defendant has asserted affirmative defenses and it bears the burden of proving its defenses.

To prove "by a preponderance of the evidence" means to prove that something is more likely true than not true. If one side proves a fact by a preponderance of the evidence, that means the evidence it has presented has more convincing force than the opposing evidence and produces in your minds a belief that what is sought to be proved is more likely true than not true.

It might be helpful to imagine a pair of scales in equal balance. Imagine that you can put plaintiff Thomas Kiniry's evidence of his claim on one side of the scale and the defendant's evidence on the other side of the scale. If the scales tip ever so slightly in favor of Mr. Kiniry, then his evidence preponderates, and he has sustained his burden of proof. If the scales tip the other way, ever so slightly in favor of the defendant, then Mr. Kiniry has not sustained his burden of proof, and you must find in the defendant's favor. If you conclude that

16

the scales are evenly balanced and that neither party's evidence outweighs the other's, then the defendant must prevail because the plaintiff has failed to meet his burden of proving his case by a preponderance of the evidence.  The reverse would, of course, apply to defendant's affirmative defense evidence.

Remember this is a civil case, not a criminal case.  The burden of proof differs in civil cases from the burden of proof in criminal cases.  In criminal cases, the burden of proof is the higher standard of proof beyond a reasonable doubt.  That is not the standard here.  In civil cases, the burden of proof is proof by a preponderance of the evidence.

<u>PLAINTIFF'S CLAIM UNDER THE FEDERAL EMPLOYERS' LIABILITY ACT</u>

The plaintiff Thomas Kiniry brings this action against defendant Metro-North Railroad Company under the Federal Employers Liability Act or FELA.

FELA provides:

Every common carrier by railroad while engaging in commerce between any of the several States or Territories . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

In order to find the defendant liable to the plaintiff under the FELA statute, you must find that the plaintiff has proved by a preponderance of the evidence:

(1) that the defendant is a railroad engaged in interstate commerce;

(2) that the plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment;

(3) that the defendant or one of its employees or agents was negligent; and

(4) that such negligence played a part, no matter how slight, in bringing about an injury to the plaintiff.

FIRST ELEMENT — RAILROAD ENGAGED IN INTERSTATE COMMERCE

The parties have stipulated that defendant Metro-North is a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut. Therefore, you must find the first element proved.

<u>SECOND ELEMENT — EMPLOYEE</u>

The parties have stipulated that plaintiff Thomas Kiniry was employed by Metro-North in interstate commerce.  Therefore, you must find the second element proved.

<u>THIRD ELEMENT — NEGLIGENCE</u>

The third element is whether the defendant or its employees or agents were negligent.  "Negligence" means the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation.  "Negligence" can be doing something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.

This definition of negligence requires the defendant to guard against those risks or hazards which it knew about or by the exercise of due care should have known about.  In other words, the defendant's duty of care is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.

The degree of care required by the reasonable care standard varies with the level of risk.  The greater the risk of harm, the greater the required level of care.

FORESEEABILITY CONSIDERATIONS

How do you determine whether defendant Metro-North knew or, through the exercise of reasonable care, should have known of a particular risk or hazard?  In order for defendant to be held liable, it must have had knowledge or notice of the conditions plaintiff claims caused his injury.  Such knowledge or notice may be proved to have been given to a defendant directly, or its knowledge was sufficient to put it on inquiry, or it could discovered the knowledge by proper diligence.

Thus, under FELA, a railroad employer must guard against those hazards or risks of which it knew, or, by the exercise of due care, should have known.  A railroad employer is not liable if it has no reasonable way of knowing that the risk or hazard exists.

You may consider any evidence presented concerning the actual knowledge of the railroad or agents.

You also may consider any evidence presented concerning whether the risk or hazard was brought to the attention of the railroad or its agents.

In addition, you may consider whether a reasonably prudent person would have performed inspections which would have brought the risk or hazard to the defendant's attention or would otherwise have known of the condition.

If you find by a preponderance of the evidence that a

reasonably prudent person would have taken reasonable precautions against the risk based on such knowledge of a particular risk or hazard, and you find that the defendant Metro North failed to take such reasonable precautions, then plaintiff will have proved that the defendant was negligent.

## DUTY TO PROVIDE REASONABLY SAFE PLACE TO WORK

The Federal Employers' Liability Act imposes on the defendant railroad a duty to the plaintiff, and to all its employees, to provide him with a reasonably safe place in which to work.  This includes providing reasonably safe conditions in which to work, reasonably safe and suitable tools and equipment, adequate supervision and instruction, and a duty to warn its employees of the presence of a known danger.  The railroad is not required to furnish the plaintiff a place to work which is absolutely safe.

This duty includes the responsibility to inspect the worksites where the railroad's employees will be working and their equipment, and to take reasonable precautions to protect its employees from possible danger.

The defendant's duty is a 'continuing duty,' and this duty exists no matter if employee's work at the place in question is fleeting or infrequent.

Plaintiff claims that defendant negligently failed to provide him with a reasonably safe workplace by failing to timely implement a hearing conservation program.

In addressing the question of negligence, you may consider the evidence of any custom in the industry or safety rules.  If you find that there were such customs or rules, they may indicate recognition of a hazard and the means to avoid it, which you may

consider as one indication of what may be reasonable in a given situation.  On the one hand, you may find that an industry custom or a safety rule does not reflect the level of care which a reasonably prudent person would take and that, although an industry custom or safety rule was followed, the defendant was negligent.  Similarly, even if you find that the defendant violated or failed to enforce a safety rule, or did not take customary precautions, such a failure does not mandate a finding of negligence.  Before you may impose liability, you must still find that the defendant failed to exercise reasonable care in the circumstances.

## FOURTH ELEMENT — CAUSATION

The fourth element is whether the injury claimed by the plaintiff resulted in whole or in part from the negligence of the railroad or its employees or agents. In other words, did such negligence play any part, even the slightest, in bringing about an injury to the plaintiff?

It is important to remember that there can be more than one cause of an injury. The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find that the employer's negligence played any part, no matter how slight, in causing an injury to the plaintiff.

If you find that the plaintiff's hearing loss was not caused by noise or was fully sustained prior to his employment with Metro-North, then the defendant cannot be held liable for plaintiff's hearing loss. If, however, you find that any part of the plaintiff's hearing loss was sustained during his employment, then Metro North is liable for plaintiff's hearing loss.

AFFIRMATIVE DEFENSE:  CONTRIBUTORY NEGLIGENCE

I have already explained that you may find the defendant Metro-North liable to the plaintiff if the railroad negligently failed to provide plaintiff with a safe place to work or was otherwise negligent, and if such negligence played a part, even the slightest, in causing plaintiff's injuries.  In this case, in addition to denying any negligence of its own, the defendant Metro-North has asserted an affirmative defense, which it must prove by a preponderance of the evidence, that Mr. Kiniry's injuries were due in whole or in part to his own negligence, which defendant claims was plaintiff's not using hearing protection.  This is referred to as "contributory negligence."  A finding that the plaintiff's injury was caused in some part by his own negligence reduces plaintiff's damages in proportion to the amount of this negligence attributable to his own conduct; it does not prevent plaintiff from recovering any damages if you find that the defendant's negligence also played a part in causing plaintiff's injuries.

<u>SAME STANDARDS</u>

To determine whether the plaintiff was "contributorily negligent," you apply the same definition of negligence discussed earlier, that is, did the plaintiff take, or fail to take, actions which a reasonably prudent person would have taken in the circumstances.  You also apply the same rule of causation, that is, did the defendant prove by a preponderance of the evidence that plaintiff's negligence, if any, played any part, no matter how slight, in bringing about his injuries.

If you find that plaintiff proved by a preponderance of the evidence that the defendant Metro-North was negligent and that its negligence played a part, no matter how slight, in causing plaintiff's injuries; and if you find that defendant proved by a preponderance of the evidence that plaintiff was contributorily negligent and that his negligence played a part, no matter how slight, in causing his own injuries, you must then determine the percentage to which plaintiff's own negligence, if any, contributed to his injuries.  You will report this percentage on the special verdict form which I will discuss shortly, and then after you return your verdict, I will decrease the amount of damages awarded by any percentage by which you found his negligence contributed to his own injuries.

As I will remind you when I discuss damages in detail, if you reach the issue of damages, you should address the question

of damages as a separate matter from the issue of contributory negligence.

## DAMAGES

I shall now instruct you on the issue of damages.  You reach the issue of damages only if you find that the plaintiff sustained his burden of proof on the negligence and causation elements, as I have explained them.  The fact that I am instructing you concerning damages does not mean that I have any opinion as to whether damages should be awarded.

The purpose of damages is to compensate an injured plaintiff for the injuries sustained as a result of the defendant's negligence.  It is for you, in the exercise of your best judgment, to say what is just and fair compensation.  It should be neither excessive nor inadequate; it should be reasonable. There is no fixed formula for you to apply.  However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence.

Under the FELA, the plaintiff may recover for:

1.  any mental anguish, including the effect of his injury on the normal pursuits and pleasures of life, experienced to the present;

2.  mental anguish, if any, as you may reasonably find he is likely to endure in the future as a result of his injury; and

3.  any medical expenses or other costs that you find from the evidence that the plaintiff is likely to incur as out of

pocket expenses in the future as a result of his injury.

Now, it is not necessary that any witness should have expressed an opinion as to the amount of such damages for such pain and suffering, but you, the jury, may estimate the amount of such damages, if any, by considering the facts and circumstances in evidence.  The law prescribes no definite measure of damages for such injury but leaves such damages to be fixed by you as your discretion dictates, after considering all the facts and circumstances in evidence, in light of your own knowledge and experience in the affairs of life.  You are to award such damages as you find just and proper to fairly compensate the plaintiff, Thomas Kiniry, for any losses and suffering you find he has sustained.

If you award damages, you are not to make a reduction for contribution of non-Metro-North noise exposures so long as you find that Metro-North was negligent and that noise exposure from Metro-North contributed, no matter how slightly, to the plaintiff's hearing loss.

FUTURE DAMAGES

If you should find that the plaintiff is entitled to damages for future suffering and loss, then you must consider plaintiff's life expectancy and the "time value" of money. According to the U.S. National Center for Health Statistics, Vital Statistics of the U.S., Annual, the life expectancy of a 59 year old white male is 20 years. This fact, to which the parties have stipulated, is now in evidence to be considered by you in arriving at the amount of damages, if any, to be awarded, in the event you find the plaintiff is entitled to a verdict.

Life expectancy, as shown by a mortality table, is an estimate of the probable average remaining length of life of all persons in our country of a given age. That estimate is not based on a complete but only a limited record of experience. The inference which may be drawn from the life expectancy shown by the table applies only to one who has the average health and exposure to danger of people of that age. In considering the life expectancy of the plaintiff, you should consider, in addition to what is shown by the table of mortality, all other facts and circumstances in evidence bearing on the life expectancy of the plaintiff, including his occupation, habits and state of health.

An award of future damages necessarily requires that payment be made now for a loss that will not actually be sustained until

some future date.  Under these circumstances, plaintiff would in effect be reimbursed in advance of the loss, and would have the use of money now, which could be more valuable (after interest tempered by inflation) than the same money received at some future date.  You should take into account this time value of money in determining an award for future damages, but you need not make any precise mathematical adjustments for present value.

---

## AWARD IS NOT TAXABLE

If you make any award of damages, such award is not subject to federal or state income taxes and you should not consider such taxes in determining the amount of damages, if any.

<u>NOTE TAKING</u>

I have now concluded the instructions relating to the specific claims in this case.  In closing, I must add a few more general instructions concerning your deliberations.  You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.  Your notes are not evidence and should not be shared.

<u>CONCLUSION</u>

Your verdict must be unanimous and represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your deliberations, do not hesitate to re-examine your individual view, or to change your opinion, if the deliberations and the views of your fellow jurors convince you it is erroneous. However, you should not surrender your honest convictions as to the facts as you find them or as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times you are not partisan. Rather, you are the judges of the facts and your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. After you have retired to begin your deliberation, you are not to leave your jury room without first notifying the marshal, who will

escort you.  No deliberation may take place without all jurors being present.

You will have exhibits with you in the jury room.  If you want any of the testimony read, you must request that.  Please remember that it is not always easy to locate what you might want, so be as specific as possible in your request.  Your requests for testimony and, in fact, any communication with the court should be made to me in writing, signed by your foreperson, and given to one of the marshals.  I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that in your communications with the court you should not specify your numerical division at any time.

EXPLANATION OF VERDICT FORM

A verdict form has been prepared for your use. You will take this verdict form to the jury room and answer the questions asked.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form.  Then inform the marshal that you have reached a verdict.

It is proper to add a final caution.  Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.  Thank you.