UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

_____X

THOMAS KINIRY,                           CIVIL ACTION

    Plaintiff                            NO. 3:02CV01680 (JBA)

VS.

METRO-NORTH RAILROAD COMPANY,

    Defendant                            JUNE 8, 2005
_____X

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A NEW TRIAL

The plaintiff seeks a new trial because the jury was not charged that Metro-North Railroad has a non-delegable duty to provide the Plaintiff with a reasonably safe place to work.

**LAW:**

"A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ."  Fed. R. Civ. P. 59(a).  "It is well-established that a jury charge is erroneous if the instruction misleads the jury as to the proper legal standard, or it does not adequately inform the jury of the law." *Luciano v. The Olstein Corp.*, 110 F.3d 210, 218 (2nd Cir. 1997).  A new trial will not be granted unless, "taken as a whole, the jury

instructions gave a misleading impression or inadequate understanding of the law." *BAII Banking Corp. v. UPG, Inc.* 985 F.2d 685, 696 (2nd Cir. 1993).

## DISCUSSION:

### A. FAILURE TO CHARGE ON RAILROAD'S NON-DELEGABLE DUTY

On Tuesday May 31, 2005, plaintiff's counsel requested the Court charge the jury on Instruction 89-14 from *Sands,* Modern Federal Jury Instructions (2004), on the railroad's non-delegable duty. Specifically, plaintiff's counsel asked the Court charge the jury that: "The employer's duty to provide a safe place to work may not be delegated to a third party. Thus, the employer has a duty to provide a safe place to work even when the employee's duties require him to enter property or use equipment owned and controlled by a third party, such as another railroad." Plaintiff's counsel requested this charge be given with a modification that the railroad's non-delegable duty includes protecting employees from loud noises present on their worksite even if the noise is generated from a non-railroad source. This request was made following testimony at trial and questioning by defense counsel emphasizing the pile driving noises around plaintiff's work location were not generated by Metro-North but came from outside contractors.

Metro-North's attorney objected to the proposed non-delegable duty charge because he claimed there were no third parties involved in the case. The Court apparently relied on Metro-North's representation and did not include a non-delegable duty instruction in the jury charge. However, after the jury instructions were delivered and during closing arguments, Metro-North's attorney argued that Metro-North cannot be held responsible for noise from pile driving that was not being performed by the

2

Railroad. After closing arguments, plaintiff's counsel took exception to the charge as given because it did not instruct the jury that the Railroad had a non-delegable duty to provide the plaintiff with a reasonably safe place to work.

Thus the jury was unaware that Metro-North had a duty to protect the plaintiff from any noises in his workplace, even if the noises were generated by other entities, and the jury proceeded to make its findings. This was particularly significant in this case because Mr. Kiniry suffered significant hearing loss between 1999 and 2002 (as confirmed by his audiograms and even Dr. Sataloff). This was the same time period he was exposed to significant non-Metro-North generated noises. He was exposed to continuous pile driving from construction of a bridge over the New Haven Yard and from catenary installation within the New Haven Yard. The jury should have understood that Metro-North had a non-delegable duty to protect Mr. Kiniry from exposure to these noises even though they did not originate from Metro-North equipment.

A new trial is indicated when it is apparent the jury instruction left the jury with a misleading impression of the applicable legal standard or an inadequate understanding of the law. Such is the case here. As a result of Metro-North's representation to the Court prior to the jury charge and its closing argument, the jury was not informed about the railroad's non-delegable duty to provide a reasonably safe place to work.

## B. HARMFUL EFFECT

The fact the jury was not informed of the Railroad's non-delegable duty had a harmful effect on the crucial issues of negligence and medical causation. It affected negligence because the jury believed Metro-North had no duty to take actions to provide plaintiff with a reasonably safe place to work when there was noise in his workplace

3

generated by other entities. That is, Metro-North could not be held negligent for failing to warn or protect the plaintiff regarding non-Metro-North generated workplace noise. And the issue of medical causation is negatively affected because the jury would believe the amount of workplace noise generated by other entities was not to be considered by them as part of the plaintiff's FELA case against Metro-North. In other words, the jury would discount any non-Metro-North noise when considering if there was sufficient noise in plaintiff's workplace to cause noise induced hearing loss.

**CONCLUSION:**

Accordingly, the plaintiff respectfully requests that the Court grant a new trial pursuant to Fed. R. Civ. P. 59(a) because the jury was not instructed that the Railroad had a non-delegable duty to provide the plaintiff with a reasonably safe place to work.

FOR THE PLAINTIFF

By _____
George J. Cahill, Jr. (ct04485)
CAHILL, GOETSCH and MAURER, P.C.
43 Trumbull Street
New Haven, Connecticut 06511
(203) 777-1000

## Certificate of Service

This is to certify that a copy of the foregoing was mailed, first class mail, postage prepaid to:

Robert O. Hickey, Esq.
Ryan Ryan Johnson & Deluca
80 Fourth St., P.O. Box 3057
Stamford, CT 06905

on this 8th day of June, 2005.

_____
George J. Cahill, Jr.