UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS C. KINIRY : | |
| : | |
| Plaintiff, : | |
| : | |
| V.  : | CIVIL ACTION NO. 3:02 CV 01680 (JBA) |
| : | |
| METRO-NORTH RAILROAD COMPANY, : | |
| : | |
| Defendants.  : | JUNE 23, 2005 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO
PLAINTIFF'S MOTION FOR A NEW TRIAL**

The defendant, Metro-North Railroad Company ("Metro-North") objects to the plaintiff's Motion for a New Trial on the basis that the Court's failure to instruct the jury regarding the railroad's non-delegable duty was proper.

**LAW**

In deciding a motion for a new trial under Fed. R. Civ. P. Rule 59, the trial judge has the discretion to grant a new trial where "it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §2803. In exercising this discretion, the trial judge:

> should view the verdict in the overall setting of the trial; consider the character of the evidence and the complexity or simplicity of the legal

**ORAL ARGUMENT IS REQUESTED**

>principles which the jury was bound to apply to the facts; and abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result. The judge's duty is essentially to see that there is no miscarriage of justice.

Bevevino v. Saydjari, 574 F.2d 676, 684 (2d Cir. 1978). Further, where a motion for a new trial is based upon a failure to instruct the jury, the standard of review "is limited to the determination of whether the jury was misled in any way and whether it had an understanding of the issues and its duty to determine those issues." Havoco of America, Ltd. v. Sumitomo Corp. of America, 971 F.2d 1332, 1343 (7th Cir. 1992). The movant "is entitled to a new trial only if 'the jury's understanding of the issues was seriously affected to the prejudice of the complaining party." Id. (quoting Simmons, Inc. v. Pinkerton's Inc., 762 F.2d 591, 597 (7th Cir. 1985)).

**FACTS**

The plaintiff in the above action, an employee of defendant Metro-North, claimed that Metro-North failed to provide a safe workplace by failing to institute a hearing conservation program. During the four day trial, evidence was put forth by the plaintiff that he was exposed to various loud noises while employed by the defendant Metro-North railroad, which caused him to sustain a high-frequency hearing loss. These noises included passing trains and train horns, which would pass by him working on the track approximately every half an hour; machines used by surfacing gangs working on the tracks, including tampers, regulators, tie pullers, and tie

hangers, which he would be exposed to for three to four weeks at a time, once or twice a year; relays; grinders and drills, which he would operate for a few minutes once or twice a month; idling diesel locomotives located approximately six or seven feet away from the door at his headquarters; and the noise from pile drivers located approximately 200-300 yards away from his headquarters.  The plaintiff testified that of all the noise that he was exposed to while working for the railroad, the train noise was the greatest and was the only noise he was exposed to on a daily basis.

All of the above noise exposures were generated by Metro-North activities, with the exception of the pile driving.  Mr. Kiniry testified that the pile driving was done by a contractor who was building a bridge *200-300 yards away* from the Metro-North headquarters building in New Haven.  He also stated that his exposure to this construction-related noise was while he was inside an enclosed space and that he did not wear the hearing protection made available to him by Metro-North.  There was no evidence regarding the decibel levels of the pile driving, and therefore, no evidence that this noise exposure met the level found impermissible by the OSHA guidelines.  Mr. Kiniry claimed that he was exposed to the pile driving noise for approximately three of the almost 40 years he has worked for the railroads.

This pile driving noise was so insignificant to the plaintiff that he did not even mention it to his doctor, Dr. Kirchner, when he was evaluated for his claimed hearing difficulties.  Dr. Kirchner testified that according to Mr. Kiniry, his noise exposure included the noise of passing

3

trains, relays and track equipment. There was no mention of being exposed to the noise of pile driving.

On the morning of May 31, 2005, immediately prior to charging the jury, counsel for plaintiff verbally requested a jury charge on the non-delegable duty of a railroad to provide its employees with a safe workplace. Specifically, plaintiff's counsel was requesting a modification of the non-delegable duty charge found in <u>Sands, Modern Jury Instructions</u>, 89-14. The plaintiff did not submit language for the instruction to the court. At no time prior to that morning, including during the charging conference, did plaintiff's counsel request such a charge.

The court denied plaintiff's request, stating that there were no third parties involved in this case and to add some type of non-delegable duty charge would only confuse the jury in light of the other charges. Additionally, because there were no other parties involved in this case, the non-delegable duty charge did not directly apply to the facts of this case.

In closing arguments, counsel for Metro-North stated that the noise of the pile drivers was not produced by Metro-North and therefore Metro-North cannot be blamed for that noise exposure, echoing an argument already made by plaintiff's counsel during his closing argument.[1] There was no suggestion by either counsel that the outside contractor creating this noise bore some responsibility for providing a safe workplace to the plaintiff. Following closing arguments,

---

[1] Plaintiff's counsel said "Metro-North of course is not doing the pile driving, and we're not saying that they're negligent for that noise . . ." Transcript, May 31, 2005, p. 59.

4

plaintiff's counsel objected to the court's failure to charge on non-delegable duty, following the court's request to summarize all outstanding objections to the charge as given.

The jury returned a verdict, finding that the plaintiff failed to prove that defendant Metro-North was negligent.

**ARGUMENT**

1.  <u>The Court's Refusal to Charge on Non-Delegable Duty was Proper</u>.

The court correctly refused the charge the jury concerning the concept of non-delegable duty. The requested charge was simply inapplicable. Furthermore, the plaintiff is unable to show that the failure to give this instruction created a prejudicial error, that substantial justice has not been done or that the verdict would have been different.

The plaintiff's theory of the case was that Metro-North failed to provide a reasonably safe workplace by failing to timely implement a hearing conservation program. <u>See</u> Jury Instructions, p. 24. The jury rejected this theory and found that Metro-North was not negligent.

The jury instructions concerning Metro-North's duty to provide a safe place to work were clear and encompassed all noise the plaintiff was exposed to, regardless of where it was generated. The notion that had the jury been told specifically that Metro-North was responsible to protect the plaintiff against non-Metro-North-generated workplace noise, the verdict would have been different is untenable. It is farfetched to think that noise of an unknown decibel level,

5

that the plaintiff was exposed to for less than 1/10th of his career at Metro-North, while generally inside the headquarters building, and in light of the evidence of other exposures admittedly more significant to the plaintiff and clear jury instructions provided by the court, would have tipped the scales in the plaintiff's favor.

The jury exonerated Metro-North for all of Mr. Kiniry's exposure to the trains, train horns, grinders, drills, tampers, tie handlers, tie pullers, and regulators. The jury even cleared Metro-North from liability for the idling diesel locomotives located just six-seven feet outside of the headquarters. It is inconceivable how the jury would then find Metro-North negligent in some manner for the pile driving that occurred 200-300 yards away from the plaintiff's headquarters, especially considering the jury's rejection of the plaintiff's theory of liability that Metro-North failed to timely implement a hearing conservation program to protect the plaintiff from all noise at the workplace.

2.   A Non-Delegable Duty Charge is Inapplicable to the Facts of this Case.

Counsel for plaintiff requested a charge based on the instruction found in Sands, Modern Federal Jury Instructions, 89-14, which states:

> The employer's duty to provide a safe place to work may not be delegated to a third party. Thus, the employer has a duty to provide a safe place to work even when the employee's duties require him to enter property or use equipment owned and controlled by a third party, such as another railroad.

It is obvious from the wording of <u>Sands</u> that, although it is a correct statement of the law, it simply does not apply to the facts of this case. There was no evidence, nor was it argued at trial, that the plaintiff's duties required him to enter property or use equipment owned and controlled by a third party.

As counsel for plaintiff states in his Memorandum, the requested charge was apparently a modification of the <u>Sands</u> charge, expanding the non-delegable to include "protecting employees from loud noises present on their worksite even if the noise is generated from a non-railroad source." Plaintiff's Memorandum at p. 2. Counsel for plaintiff has cited no authority in support of this modification and based upon the defense counsel's research, none could be found. Regardless, the requested charge attempts to instruct the jury on evidence that was not part of this trial.

As best defense counsel can understand, the plaintiff's claim is that if the defendant had a hearing conservation program it somehow would have protected the plaintiff (presumably by providing the plaintiff with earplugs, which Metro-North had already done) from any noise damage caused by the pile driving operation, although absolutely no evidence was provided as to the decibel level of the pile driving operation or whether the noise created by that operation rose to the level considered impermissible by OSHA and/or high enough to cause potential hearing loss. Furthermore, the jury clearly rejected the plaintiff's argument that not having a formal hearing conservation program was negligent, an argument that was not dependent upon or related

7

to any particular source of noise. Indeed, the jury may well have exonerated Metro-North from any liability for any noise exposure because it had provided Mr. Kiniry with appropriate hearing protection as early as 1993.

3.  <u>At No Time Did Metro-North Shift the Duty to Provide the Plaintiff with a Safe Place to Work to a Third Party</u>

There were no third parties involved in this case. It was stated by the plaintiff that he was exposed to the noise of the pile drivers that originated from a non-Metro-North source. There was no testimony during the trial, by any witness, that the responsibility of protecting the plaintiff from the noise of the pile drivers rested with someone other than Metro-North or the plaintiff, himself. There was no testimony concerning the responsibility of a third party to provide hearing protection to the plaintiff and at no time did defense counsel tell the jury that it was the responsibility of any third party to provide hearing protection to its employees.

4.  <u>There Was No Evidence At Trial That Noise From Pile Drivers Rose to Levels Impermissible By OSHA</u>

The pile drivers were operating 200 to 300 yards away from the headquarters building, which was an enclosed space. Plaintiff testified that he worked inside this building for approximately two hours a day during the work week. There was no testimony at trial that the

pile driving noise was of such a decibel inside a building 200-300 yards away, that exposure to it for a given period of time would be impermissible under the OSHA regulations, so as to make the workplace allegedly unsafe. Absent impermissible noise levels, the workplace would not be unreasonably safe, even according to the plaintiff's theory of the case.

5.  <u>The Plaintiff Suffered No Harm as a Result of the Court's Failure to Instruct the Jury on the Railroad's Non-Delegable Duty</u>.

The plaintiff cannot show that the jury was misled by its instructions on the issue of negligence, nor can the plaintiff show that substantial justice has not been done in this case. The plaintiff's claim that the jury "believed" Metro-North had no duty to provide a safe workplace when its employees were exposed to noise generated by other entities is unfounded and without merit, lacks any basis in the evidence propounded at trial and is contrary to the charge that was given by the court.

The jury instructions clearly set forth Metro-North's duties and responsibilities and made no distinction between noise exposure caused by railroad and non-railroad sources. The jury was specifically instructed that Metro-North had the duty to provide its employees "with a reasonably safe place in which to work." Jury Instructions, p. 24. This correlated with the evidence submitted by both parties during trial. The fact that a small portion of the noise Mr. Kiniry was

exposed to was not caused by Metro-North was irrelevant to the jury's verdict that Metro-North was not negligent for failing to timely implement a hearing conservation program.

The court was correct in holding that a non-delegable duty instruction would cause confusion, leading the jury to believe that Metro-North was attempting to hold a third party responsible for providing the plaintiff with a safe workplace, where there was no evidence to support that theory. Had the court so instructed, it would have created the exact type of misunderstanding that the courts seek to avoid in jury instructions. See Havoco of America, Ltd., 971 F.2d at 1343.

The plaintiff also claims that the issue of medical causation was negatively affected by the failure to provide the non-delegable duty instruction, however, this argument is moot, as the jury never reached the issue of causation, finding that Metro-North was not negligent.

**CONCLUSION**

The plaintiff is unable to show that the court's failure to instruct the jury on the railroad's non-delegable duty caused either prejudicial error or resulted in a substantial injustice. The court's decision to deny the plaintiff's request was correct, based upon the facts in evidence at trial and avoided the jury misunderstanding and confusion that courts attempt to relieve in drafting such instructions.

Therefore, the defendant, Metro-North, respectfully requests that plaintiff's motion for a new trial be denied.

        THE DEFENDANT,
        METRO-NORTH RAILROAD COMPANY


By:_____
    Charles A. Deluca, Esq., (CT 05255)
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2005, a copy of the above was mailed to the following counsel and pro se parties of record:

Scott Perry, Esq.
Cahill, Goetsch & Maurer, PC
43 Trumbull Street
New Haven, CT 06511-1059
Attorney for Plaintiff, Thomas C. Kiniry

_____
Charles A. Deluca, Esq.

I:\Procases\205.131\memorandum re obj new trial.wpd
205.131