```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


Thomas C. Kiniry,                 :
     Plaintiff,                   :
                                  :
v.                                :    Case No. 3:02cv1680 (JBA)
                                  :
Metro-North Railroad Co.,         :
et al.,                           :
     Defendants.                  :
```

**RULING ON PLAINTIFF'S MOTION FOR A NEW TRIAL [DOC. # 137]**

Plaintiff Thomas C. Kiniry brought this action under the Federal Employers' Liability Act ("FELA") against his employer, Metro-North Railroad, Co. ("Metro-North"), claiming that he suffered noise-induced hearing loss as a result of Metro-North's negligence. After a four-day trial, the jury returned a verdict finding that plaintiff had failed to prove that defendant was negligent. Plaintiff now moves for a new trial under Federal Rule of Civil Procedure 59, on the basis that "the jury was not instructed that Metro-North Railroad had a non-delegable duty to provide the plaintiff with a reasonably safe place to work that included protecting him from non-Metro-North generated noises." See Motion for a New Trial [Doc. # 137]. For the reasons that follow, plaintiff's motion is DENIED.

**I.   Factual Background**

On the morning of May 31, 2005, immediately before the charging of the jury and delivery of closing arguments,

1

plaintiff's counsel requested a jury charge on the nondelegable duty of an employer to provide its employees with a safe place to work, stating:

> I would like to request a charge of nondelegable duty in the sense of the noise that was from the locomotives and the pile drivers, and the charge is from Sand, it's 8914 from Sand, that the employer's duty to provide a safe place to work may not be delegated to a third party, thus the employer has a duty to provide a safe place to work even though the employee's duties required him to enter property or use equipment used [sic] or owned by a third party, such as another railroad, and I would also want inserted in there, or be exposed to noise by other railroads. With respect to the nondelegable duty, the railroad still has a duty to the plaintiff's exposure [sic] to noise from other sources while he's on his railroad job doing his railroad duties.

Transcript of Requests to Charge, Closing Arguments & Objections to Jury Charge ("Tr.") [Doc. # 139] at 2. Defendant's counsel objected, stating that he believed that "as a general proposition [the requested charge] is a correct statement of law," but he did not see how it applied to this case given that there were no relevant "third parties," and it would thus be confusing to the jury. Id. at 8. The Court declined to give the requested charge.

Subsequently, in closing argument, plaintiff's counsel referred to the noise from pile driving, stating "Metro-North of course is not doing the pile driving, and we're not saying that they're negligent for that noise, but they should have had their employees wear hearing protection." Id. at 59. In his closing

argument, defendant's counsel responded:

> [W]e have these pile drivers that we heard about in the New Haven area. Apparently there was a bridge being built by some contractor. It wasn't even Metro-North that was building that. Apparently [plaintiff] would have to be in his trailer and somebody at the construction crew was working some three or four hundred yards away, and now we're blaming that on Metro-North.

Id. at 101. After the conclusion of closing arguments, plaintiff's counsel renewed his objection to the Court's refusal to include the proposed nondelegable duty charge, arguing:

> [The] charge is important because the noise from the pile drivers, the noise from these diesel engines, I think it was not only argued by defense counsel, but there is evidence in the case it wasn't Metro-North generated noise, and that charge is important for the jury to understand that even if noise comes from some other source, that the railroad is still responsible and has a nondelegable duty.

Id. at 144.

**II.    Standard**

Rule 59 of the Federal Rules of Civil Procedure provides: "A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. . . . " Fed. R. Civ. P. 59(a).  A trial court should only exercise its discretion in granting a motion for a new trial when it is "convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage

of justice." Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363, 370 (2d Cir. 1988). When a motion for a new trial is based on an alleged erroneous jury charge, a new trial will only be granted when "taken as a whole, the jury instructions gave a misleading impression or inadequate understanding of the law." BAII Banking Corp. v. UPG, Inc., 985 F.2d 685, 696 (2d Cir. 1993).

### III. Discussion

Plaintiff argues that the charge he requested, "that the railroad's non-delegable duty includes protecting employees from loud noises present on their worksite even if the noise is generated from a non-railroad source," was necessary to make the jury aware "that Metro-North had a duty to protect the plaintiff from any noises in his workplace, even if the noises were generated by other entities." See Pl's Mem. [Doc. # 138] at 2-3. Plaintiff contends that the requested charge was particularly important given that plaintiff suffered "significant" hearing loss between 1999 and 2002, the same time period in which he was exposed to the non-Metro-North-generated noises. Id. at 3. Plaintiff claims that the Court's refusal to give the requested charge had a harmful effect on the "crucial issues" of negligence and medical causation, arguing that it affected the former "because the jury believed Metro-North had no duty to take actions to provide plaintiff with a reasonably safe place to work when there was noise in his workplace generated by other

entities," and affected the latter "because the jury would believe the amount of workplace noise generated by other entities was not to be considered by them as part of the plaintiff's FELA case against Metro-North."  Id. at 3-4.

The charge actually requested by plaintiff (which is different than the articulation offered by plaintiff in his brief, and which included a Sand model charge on non-delegable duty, see supra page 2), was inapplicable to the facts of this case.  The Sand model charge states:

> The employer's duty to provide a safe place to work may not be delegated to a third party.  Thus, the employer has a duty to provide a safe place to work even when the employee's duties require him to enter property or use equipment owned and controlled by a third party, such as another railroad.

Sand, 89-14.  On its face, the Sand charge is only applicable where the facts of the case involve an employee entering property or using equipment owned and controlled by another third party and/or defendant has claimed that it delegated its duty to a third party.  The comment to the model charge confirms this, explaining that the instruction is intended to explain the concept of a "nondelegable duty" and providing further:

> In cases involving several railroads or other third parties, this instruction might be further expanded, to make clear, for example, that the plaintiff's employer is responsible for injuries caused in part by negligent operation of a switch by another railroad's employee, and in part by defects in another third party's equipment, or a third party hotel's negligence where the employees were within the scope of their employment.

Sand, 89-14 cmt.

Plaintiff cites no cases, and the Court has found none, which support the application of this model charge, or of plaintiff's requested modified charge, in this case. Inclusion of the charge would have been confusing and misleading to the jury because there were no third parties such as those referenced in the proposed charge and no evidence was presented that defendant ever attempted to delegate its duty to provide its employees with a reasonably safe workplace. See Perry v. Ethan Allen, Inc., 115 F.3d 143, 153 (2d Cir. 1997) (noting that "[a] party is not entitled to have the court give the jury an instruction for which there is no evidentiary predicate," and affirming district court's refusal to give a requested charge which, while a correct statement of law, was not applicable based on the evidence presented at trial).[1]

The Court believes that its charge constituted a correct and complete statement of the law applicable to plaintiff's FELA claim. See Jury Instructions [Doc. # 133]; L. Sand et al., Modern Fed. Jury Instructions Civil, 89-9-89-13, 89-15-89-19 (2005). The Court charged the jury on defendant's FELA duty to provide a reasonably safe place in which to work, and

---

[1] Inclusion of the requested charge would also have been confusing in light of plaintiff's counsel's acknowledgment in closing argument: "Metro-North of course is not doing the pile driving, and we're not saying that they're negligent for that noise." Tr. at 59.

specifically here, that plaintiff claimed this was breached by defendant's failure to implement a hearing conservation program:

> Plaintiff claims that defendant negligently failed to provide him with a reasonably safe workplace by failing to timely implement a hearing conservation program.
>
> The Federal Employers' Liability Act imposes on the defendant railroad a duty to the plaintiff, and to all its employees, to provide him with a reasonably safe place in which to work. This includes providing reasonably safe conditions in which to work, reasonably safe and suitable tools and equipment, adequate supervision and instruction, and a duty to warn its employees of the presence of a known danger. . . . This duty includes the responsibility to inspect the worksites where the railroad's employees will be working and their equipment, and to take reasonable precautions to protect its employees from possible danger. The defendant's duty is a 'continuing duty,' and this duty exists no matter if employee's work at the place in question is fleeting or infrequent.

Jury Instructions at 24.

The Court's instructions thus provided the standard by which the jury should determine defendant's liability for negligence for failure to provide a reasonably safe workplace, and did not differentiate between noise to which plaintiff was exposed in the workplace produced by defendant and noise produced by others.[2] Therefore, in the context of plaintiff's theory of liability, plaintiff's requested charge, even as now articulated, appears unnecessary. Plaintiff's claim that "the jury believed Metro-North had no duty to take actions to provide plaintiff with a

---

[2] The Court's instructions thus alleviated any potential prejudice caused by the comments by defendant's counsel in closing arguments.

reasonably safe place to work when there was noise in his workplace generated by other entities," Pl. Mem. at 3-4, is unpersuasive because the hearing conservation program would have protected plaintiff from all noise to which he was exposed, without differentiation as to its source.

Because there is no basis in the Court's instructions from which the jury could have been misled into believing that defendant's duty to provide a reasonably safe workplace was limited to Metro-North-generated noises, no new trial is warranted.[3] The Court therefore concludes that the jury instructions given were correct and adequate and were neither misleading nor inadequate to give the jury an understanding of the law. Plaintiff's requested charge on non-delegable duty was inapplicable to the facts of the case and plaintiff's legal theory of liability and would have been misleading and confusing to the jury.

## IV. Conclusion

For the foregoing reasons, plaintiff's motion for a new

---

[3] See Densberger v. United Techs. Corp., 297 F.3d 66, 73 (2d Cir. 2002) (affirming district court's denial of defendant's motion for a new trial on the basis of refusal to include defendant's proposed instructions where "the charge actually given was correct and sufficiently covered the essential issues") (internal quotation and citation omitted); Caruolo v. John Crane, Inc., 226 F.3d 46, 56 (2d Cir. 2000) (district court did not err in rejecting defendant's proposed charge where the charge was not "mandatory" under the applicable law and the district court set forth legally correct standard in its instructions).

trial [Doc. # 137] is DENIED.

                                        IT IS SO ORDERED.

                                        /s/
                                Janet Bond Arterton
                                United States District Judge

**Dated at New Haven, Connecticut this 10th day of March, 2006.**